IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BRANDON LESTER, )
 )
    Plaintiff, )
 )
v. )
 )  Civil Action No. 7:15-cv-00665
SMC TRANSPORT, LLC, )
 )
and )
 )
ISRAEL MARTINEZ, JR., )
 )
and )
 )
SALINAS EXPRESS, LLC, )
 )
    Defendants. )

# COMPLAINT

The plaintiff, Brandon Lester, by counsel, files this Complaint against the defendants, SMC Transport, LLC, Israel Martinez, Jr., and Salinas Express, LLC, and, in support thereof, states as follows:

1. Plaintiff, Brandon Lester, is a citizen and resident of the Commonwealth of Virginia.

2. At all relevant times Defendant SMC Transport, LLC ("SMC") is a limited liability company organized under the laws of the State of Texas, whose members are citizens and residents of the State of Texas.

3. SMC is a regulated motor carrier under the Federal Motor Carrier Safety Administration and is primarily in the business of hauling property throughout the United States as an interstate transportation company.

4. Defendant Israel Martinez, Jr. ("Martinez") is a CDL license holder regulated under the Federal Motor Carrier Safety Administration, licensed by the State of Texas and is a resident and citizen of Zapata, Texas.

5. Defendant Salinas Express, LLC ("Salinas Express") is a limited liability company organized under the laws of the State of Texas, whose members are citizens and residents of the State of Texas.

6. Salinas Express is a regulated motor carrier under the Federal Motor Carrier Safety Administration and is primarily in the business of hauling property throughout the United States as an interstate transportation company.

7. This Court has subject matter jurisdiction over this action because of diversity of citizenship of the parties pursuant to 28 U.S.C. §1332 and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. This Court has personal jurisdiction over SMC and Salinas Express by virtue of defendants' operation as a motor carrier on the public highways of the Commonwealth of Virginia and defendant's systematic and continuous business activities in the Commonwealth of Virginia.

9. This Court has personal jurisdiction over Martinez by virtue of defendant's operation of a motor vehicle on Interstate 81 ("I-81") in the Commonwealth of Virginia on October 26, 2015.

10. The events giving rise to these proceedings occurred in Botetourt County, Virginia, and, as such, venue is within this district as provided by 28 U.S.C. § 1391(a).

11. On October 26, 2015, in the early morning hours before sunrise, the plaintiff was operating a motor vehicle on I-81 at approximately mile marker 158.10 in Botetourt County, Virginia.

12. At approximately the same time, Martinez was operating a motor vehicle registered to SMC at the Texas Department of Motor Vehicles, while towing another tractor trailer, and was backing out of an I-81 entrance-ramp of a rest-stop onto I-81 at approximately mile marker 158.10 in Botetourt County, Virginia, in contravention of the laws of the Commonwealth of Virginia.

13. The entranceway was located just past a small rise in I-81 South which obscured its presence from drivers in I-81S until they were almost adjacent to it. Defendant Martinez was aware of the visibility issues associated with entranceway's location in relation to I-81's southbound lanes.

14. The speed limit on that portion of I-81S is 70 mph.

15. Defendant Martinez failed to use any hazard warning device of any kind.

16. Under information and belief the tractor trailer in tow was owned and operated by Salinas Express.

17. As a result of the negligent actions of Martinez, backing out from the I-81 entrance-ramp onto I-81 across all lanes of traffic and blocking all lanes of traffic, the Plaintiff encountered Martinez's vehicles, leaving him no option to steer his vehicle away from the obstruction caused by Martinez's vehicles, and leaving him no opportunity to avoid striking the vehicle driven and/or towed by Martinez.

18. As a proximate result of the impact between the vehicles driven by plaintiff and Martinez, the plaintiff's vehicle was rendered immobile and his doors jammed shut leaving him in a helpless position on I-81, knowing that traffic would be oncoming over the rise immediately preceding over the area of impact.

19. Another vehicle coming over the rise immediately prior to the area of the plaintiff's and Martinez's vehicles, hit the plaintiff's vehicle.

20. The extreme force of the collisions crushed the plaintiff's vehicle and the plaintiff was ejected from his vehicle.

21. As a result of the collisions, the plaintiff suffered severe bodily injuries.

22. At all times relevant to the claim herein, Martinez was acting as an individual or as an employee and/or agent of SMC while operating a motor vehicle entrusted to him by SMC.

23. Additionally, upon information and belief, Martinez was at all relevant times acting as an employee and/or agent of Salinas Express while operating a motor vehicle entrusted to him by Salinas Express.

24. As a result of Martinez's actions taken during the scope of his employment and/or agency and in furtherance of the business of SMC and/or Salinas Express, or as an individual operating a motor vehicle entrusted to him by SMC and/or Salinas Express, SMC and/or Salinas Express is vicariously responsible for Martinez's wrongful conduct, actions and inactions.

25. Thus Martinez and SMC and/or Salinas Express are liable to the plaintiff for all damages and losses he has incurred as a result of this incident.

## COUNT 1
## NEGLIGENCE

26. Martinez was negligent in that he illegally operated his vehicle in an extremely dangerous and reckless manner when he knew that doing so would likely result in severe injury or death to others, including the plaintiff, by illegally backing his vehicle out of an I-81 off-ramp onto I-81 and blocking all lanes of travel on this major highway.

27. As a result of Martinez's actions taken during the scope of his employment and/or agency or as an entrusted individual, defendant SMC is vicariously responsible for Martinez's wrongful conduct, actions and inactions, and negligence.

28. As a result of Martinez's actions taken during the scope of his employment and/or agency or as an entrusted individual, defendant Salinas Express is vicariously responsible for Martinez's wrongful conduct, actions and inactions, and negligence.

## COUNT 2
## WILLFUL AND WANTON NEGLIGENCE

29. Martinez was willfully and wantonly negligent in that he illegally operated his vehicle in an extremely dangerous and reckless manner when he knew that doing so would likely result in severe injury or death to others, including the plaintiff, by illegally backing his vehicle out of an I-81 off-ramp onto I-81 blocking all lanes of travel on this major highway.

30. As a result of Martinez's actions taken during the scope of his employment and/or agency or as an individual entrusted by SMC, defendant SMC is vicariously responsible for Martinez's wrongful conduct, actions and inactions, and willful and wanton negligence.

## COUNT 3
## NEGLIGENT ENTRUSTMENT

31. SMC and Salinas Express knew Martinez had a history of causing accidents and failing to adhere to state and federal regulations governing the operation of his vehicle.

32. SMC and Salinas Express knew Martinez was not properly trained and/or was incompetent to operate a tractor towing another tractor so as not to endanger others.

33. Despite knowing he would likely operate said tractor, SMC attempted to cancel insurance on the vehicle operated by Martinez in violation of state and federal regulations.

34. Despite this knowledge, SMC and/ or Salinas Express entrusted the tractor to Martinez knowing he was likely to operate it on Virginia highways, endangering other drivers.

35. As a direct and proximate result of SMC's, Salinas Express', and Martinez's conduct and negligence, wanton and willful negligence and SMC's and Salinas Express' negligent entrustment of the vehicle to Martinez, the plaintiff was caused to sustain serious and permanent injuries; has been prevented from transacting his business and personal affairs; has suffered, and will continue to suffer, great pain of body and mind; has sustained permanent disability, deformity and loss of earning capacity; has incurred, and will incur in the future, lost wages; has incurred, and will incur in the future, medical and hospital expenses in an effort to be cured of his injuries; has incurred other out-of-pocket expenses; and, is entitled to all other damages permitted by law.

WHEREFORE, the plaintiff, by counsel, asks that this Court enter judgment against SMC, Salinas Express and Martinez in the sum of SEVEN MILLION, FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00), plus interest thereon from October 26, 2015.

FURTHER, due to the gross and willful and wanton negligence and disregard for the safety and well-being of the plaintiff, plaintiff requests punitive damages in the amount of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00), plus interest thereon from October 26, 2015.

ADDITIONALLY, the plaintiff requests that the Court award him interest from the date of the accident and his costs expended in connection with this action.

TRIAL BY JURY IS DEMANDED.

BRANDON LESTER

By: /s/Melissa W. Robinson

Melissa W. Robinson (VSB No. 29065)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
Johneal M. White (VSB No. 74251)
Attorneys for Plaintiff
GLENN ROBINSON & CATHEY, PLC
400 Salem Avenue, Suite 100
Roanoke, VA 24016
PH: (540)767-2200
FAX: (540)767-2220
mrobinson@glennrob.com
vskaff@glennrob.com
jwhite@glennrob.com