IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BRANDON LESTER, )
)
    Plaintiff, )
)
v. ) Civil Action No.7:15-CV-00665-GEC
)
SMC TRANSPORT, LLC, )
)
ISRAEL MARTINEZ, JR., )
)
AND )
)
SALINAS EXPRESS, LLC, )
)
    Defendants. )
)

## ANSWER OF SALINAS EXPRESS, LLC

COMES NOW the defendant, Salinas Express, LLC, (hereinafter "Salinas"), by counsel, and files this their Answer to the plaintiff's Complaint filed herein.

1. Salinas lacks sufficient knowledge or information at this time to permit it to admit or deny the allegations contained in numbered paragraph 1 of the plaintiff's Complaint and demands strict proof of same.

2. Salinas lacks sufficient knowledge or information at this time to permit it to admit or deny the allegations contained in numbered paragraph 2 of the plaintiff's Complaint and demands strict proof of same.

3. Salinas lacks sufficient knowledge or information at this time to permit it to admit or deny the allegations contained in numbered paragraph 3 of the plaintiff's Complaint and demands strict proof of same.



4. Salinas admits the allegations contained in numbered paragraph 4 of the plaintiff's Complaint.

5. Salinas admits the allegations contained in numbered paragraph 5 of the plaintiff's Complaint.

6. Salinas admits the allegations contained in numbered paragraph 6 of the plaintiff's Complaint.

7. Upon information and belief, Salinas admits the allegations contained in numbered paragraph 7 of the plaintiff's Complaint.

8. Salinas admits that this Court has personal jurisdiction over Salinas in this matter. Salinas lacks sufficient knowledge or information at this time to permit to them to admit or deny the allegations contained in numbered paragraph 8 of the plaintiff's Complaint with regard to the Court's personal jurisdiction over SMC Transport, LLC, (hereinafter "SMC").

9. Salinas admits the allegations contained in numbered paragraph 9 of the plaintiff's Complaint.

10. Salinas admits the allegations contained in numbered paragraph 10 of the plaintiff's Complaint.

11. Upon information and belief, Salinas admits the allegations contained in numbered paragraph 11 of the plaintiff's Complaint.

12. Salinas admits that, Israel Martinez, Jr., (hereinafter "Martinez"), was operating a motor vehicle registered to SMC while towing another tractor at the rest area located at or near mile marker 158.10 in Botetourt County, Virginia, at the time of this incident. Salinas denies the remaining allegations contained in numbered paragraph 12 of the plaintiff's Complaint and demands strict proof of same.


FRANKL MILLER & WEBB LLP

13. Salinas denies the allegations contained in numbered paragraph 13 of the plaintiff's Complaint and demands strict proof of same.

14. Salinas admits the allegations contained in numbered paragraph 14 of the plaintiff's Complaint.

15. Salinas lacks sufficient information to allow them to admit or deny the allegations contained in numbered paragraph 15 of the plaintiff's Complaint and demands strict proof of same.

16. Salinas, in response to the allegations contained in numbered paragraph 16 of the plaintiff's Complaint admits that the defendant, Martinez, was towing a disabled tractor that, prior to it becoming inoperable, was being operated under the authority of Salinas. Salinas denies the remaining allegations contained in numbered paragraph 16 of the plaintiff's Complaint and demands strict proof of same.

17. Salinas denies the allegations contained in numbered paragraph 17 of the plaintiff's Complaint and demands strict proof of same.

18. Salinas denies the allegations contained in numbered paragraph 18 of the plaintiff's Complaint and demands strict proof of same.

19. Upon information and belief, Salinas admits that another vehicle ultimately struck Mr. Lester's vehicle at the scene of the accident. Salinas denies the remaining allegations contained in numbered paragraph 19 of the plaintiff's Complaint and demands strict proof of same.



20. Salinas denies the allegations contained in numbered paragraph 20 of the plaintiff's Complaint and demands strict proof of same.

21. Salinas denies the allegations contained in numbered paragraph 21 of the plaintiff's Complaint and demands strict proof of same.

22. The allegations contained in numbered paragraph 22 of the plaintiff's Complaint reference a defendant other than Salinas. Accordingly, Salinas owes no response to those allegations.

23. Salinas denies the allegations contained in numbered paragraph 23 of the plaintiff's Complaint and demands strict proof of same.

24. Salinas denies the allegations contained in numbered paragraph 24 of the plaintiff's Complaint and demands strict proof of same.

25. Salinas denies the allegations contained in numbered paragraph 25 of the plaintiff's Complaint and demands strict proof of same.

## COUNT 1
## NEGLIGENCE

26. The allegations contained in numbered paragraph 26 of the plaintiff's Complaint reference defendants other than Salinas. Accordingly, Salinas owes no response to those allegations.

27. The allegations contained in numbered paragraph 27 of the plaintiff's Complaint reference defendants other than Salinas. Accordingly, Salinas owes no response to those allegations.

28. Salinas denies the allegations contained in numbered paragraph 28 of the plaintiff's Complaint and demands strict proof of same.


FRANKL MILLER & WEBB LLP

## COUNT 2
## WILLFUL AND WANTON NEGLIGENCE

29. The allegations contained in numbered paragraph 29 of the plaintiff's Complaint reference defendants other than Salinas. Accordingly, Salinas owes no response to those allegations.

30. The allegations contained in numbered paragraph 30 of the plaintiff's Complaint reference defendants other than Salinas. Accordingly, Salinas owes no response to those allegations.

## COUNT 3
## NEGLIGENT ENTRUSTMENT

31. Salinas denies the allegations contained in numbered paragraph 31 of the plaintiff's Complaint and demands strict proof of same.

32. Salinas denies the allegations contained in numbered paragraph 32 of the plaintiff's Complaint and demands strict proof of same.

33. The allegations contained in numbered paragraph 33 of the plaintiff's Complaint reference defendants other than Salinas. Accordingly, Salinas owes no response to those allegations.

34. Salinas denies the allegations contained in numbered paragraph 34 directed at them and demands strict proof of same.

35. Salinas denies the allegations contained in numbered paragraph 35 of the plaintiff's Complaint directed at them and demands strict proof of same.


FRANKL MILLER &WEBB LLP

## AFFIRMATIVE AND OTHER DEFENSES

36. Salinas denies any liability to the plaintiff for the amount alleged in the plaintiff's Complaint or for any other sum whatsoever.

37. Salinas denies being guilty of any act or omission that was a proximate cause of the accident alleged in the plaintiff's Complaint.

38. Salinas denies being guilty of any act or omission that was a proximate cause of all or any portion of the damages and injuries the plaintiff alleges to have sustained.

39. Salinas denies that the plaintiff was injured and damaged to the extent and with the consequences alleged in the Complaint and, therefore, calls upon the plaintiff for strict proof of all alleged damages.

40. Salinas affirmatively states, alleges, avers, and will make the defense at the trial that this accident was caused by the sole negligence of the plaintiff, and/or without admitting any negligence on their part, that this accident was caused by the contributory negligence on the part of the plaintiff.

41. Salinas affirmatively states, alleges, and avers, and will make the defense at the trial that this accident was unavoidable as to it.

42. Salinas affirmatively states, alleges, avers, and will make the defense at the trial that the accident at issue and the plaintiff's alleged damages and injuries came about as a proximate result of the acts or omissions of others for whom Salinas is not responsible at law.

43. Salinas expressly denies that the plaintiff is entitled to an award of punitive or exemplary damages on the facts of this case.


FRANKL
MILLER
&WEBB..

44. Salinas affirmatively states, alleges, and avers, and will make the defense at the trial that the plaintiff's claim for punitive damages in this action fails to state a claim against Salinas upon which relief may be granted under Virginia law.

45. Salinas reserves the right to seek leave of court to amend this Answer to allege and assert any and all other defenses available to it, whether at law or in equity, should evidence supporting such defenses be developed during the course of discovery or at trial.

46. Salinas denies all allegations in the plaintiff's Complaint not expressly admitted herein.

47. Salinas demands a trial by jury.

SALINAS EXPRESS, LLC

By: /s/ Daniel P. Frankl<br>Of Counsel

Daniel P. Frankl (VSB No. 26741)
FRANKL MILLER & WEBB, LLP
1711 Grandin Road
Post Office Box 4126
Roanoke, Virginia 24015
540-527-3515 Telephone
540-527-3520 Facsimile
Counsel for Salinas Express, LLC



## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on January 5, 2016, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF filing users:

Melissa Robinson, Esquire
Glenn, Robinson & Cathey, PLC
400 Salem Avenue, S.W., Suite 100
Fulton Motor Lofts
Roanoke, VA 24016
Counsel for the plaintiff
mrobinson@glennrob.com

Lawrence A. Dunn, Esquire
Morris & Morris, P.C.
11 South 12th Street
5th Floor
Richmond, VA 23219
Counsel for SMC Transport, LLC
ldunn@morrismorris.com

The undersigned counsel also certifies that on the January 5, 2016, the foregoing document was delivered, via first-class mail and email to Israel Martinez, Jr., 1109 Juarez Avenue, Zapata, Texas 78076.

/s/Daniel P. Frankl
Of Counsel

