IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BRANDON LESTER,

       Plaintiff,

v.                                Case No. 7:15-CV-00665-GEC

SMC TRANSPORT, LLC,

ISRAEL MARTINEZ, JR.,

and

SALINAS EXPRESS, LLC,

       Defendants.

## ANSWER

       COMES NOW Defendant Israel Martinez, Jr. ("Martinez"), by counsel, and provides the following for his Answer to the Plaintiff's Complaint:

       1.      The allegations in Paragraphs 1, 2 and 3 of the Complaint are not directed against Martinez and require no response.

       2.      Responding to Paragraph 4 of the Complaint, Martinez admits that he is a Texas resident licensed in that state as a commercial vehicle operator. The remaining allegations in this Paragraph appear to state legal conclusions that require no response.

       3.      The allegations in Paragraphs 5 and 6 of the Complaint are not directed against Martinez and require no response.

       4.      Paragraphs 7, 8 and 9 of the Complaint state legal assertions of jurisdiction and venue that require no response.

5. Responding to Paragraph 10 of the Complaint, Martinez admits that portions of the events described in the Plaintiff's Complaint occurred in Botetourt County, Virginia. The remaining portions of this Paragraph state legal assertions of venue that require no response.

6. Responding to Paragraph 11 of the Complaint, Martinez admits that the Plaintiff was operating a motor vehicle at the time and place alleged, and lacks information sufficient to admit or deny the remaining allegations in this Paragraph.

7. Responding to Paragraph 12 of the Complaint, Martinez admits that he was operating a motor vehicle at the time and place alleged, that the vehicle he was operating was registered to defendant SMC Transport, LLC and that the vehicle Martinez was operating was also towing another vehicle. Martinez denies the remaining allegations in this Paragraph.

8. Martinez denies the allegations in Paragraph 13 of the Complaint.

9. Martinez lacks information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint.

10. Responding to Paragraph 15 of the Complaint, Martinez denies that he was negligent or acted improperly as alleged in this Paragraph.

11. The allegations in Paragraph 16 of the Complaint are not directed against Martinez and require no response.

12. Martinez denies the allegations in Paragraph 17 of the Complaint.

13. Martinez lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint.

14. Martinez admits the allegations in Paragraph 19 of the Complaint.

15. Martinez lacks knowledge or information sufficient to admit or deny the allegations in Paragraphs 20 and 21 of the Complaint.

16. The allegations in Paragraphs 22 and 23 of the Complaint are not directed against Martinez and state legal conclusions that require no response.

17. The allegations in Paragraph 24 of the Complaint are not directed against Martinez and state legal conclusions that require no response. Responding further, Martinez denies all allegations in this Paragraph that may be construed to suggest he was negligent or is legally liable for the Plaintiff's claimed injuries and damages.

18. Martinez denies the allegations in Paragraph 25 of the Complaint that are directed against Martinez. The remaining allegations in this Paragraph are directed against other defendants and require no response.

19. Martinez denies the allegations in Paragraph 26 of the Complaint.

20. Paragraphs 27 and 28 of the Complaint asserts allegations against other defendants and otherwise state legal conclusions that require no response from Martinez. Responding further, Martinez denies any and all allegations of negligence or willful and wanton conduct that may be construed against him in these Paragraphs.

21. Martinez denies the allegations in Paragraph 29 of the Complaint.

22. Paragraph 30 of the Complaint asserts allegations against another defendant and otherwise states legal conclusions that require no response from Martinez. Responding further, Martinez denies any and all allegations of negligence or willful and wanton conduct that may be construed against him in this Paragraph.

23. Paragraphs 31 and 32 of the Complaint assert allegations against other defendants that require no response from Martinez. Responding further, Martinez denies any negligence or wrongdoing attributed to him in these Paragraphs.

24. Paragraph 33 of the Complaint asserts allegations against another defendant that require no response from Martinez.

25. Paragraph 34 the Complaint asserts allegations against other defendants that require no response Martinez. Responding further, Martinez denies any negligent or improper conduct attributed to him in this Paragraph.

26. Martinez denies allegations in Paragraph 35 of the Complaint.

27. Martinez denies all allegations stated in the unnumbered concluding paragraphs of the Complaint.

28. Martinez expressly denies that he acted willfully, wantonly or with a conscious disregard for the safety of others at any time alleged in the Complaint, and further denies that the Plaintiff is entitled to recover punitive or exemplary damages.

29. Martinez denies all allegations asserted in the Complaint that are not affirmatively and expressly admitted in this Answer.

30. Martinez states that the punitive damage claim asserted in the Plaintiff's Complaint fails to state a valid legal claim against Martinez for which relief may be granted under Virginia law.

31. Martinez will rely on all affirmative defenses, including the defenses of contributory negligence, assumption of risk and failure to mitigate damages, to the extent that these defenses are supported by the evidence revealed during discovery or at trial.

32. Martinez states that the evidence may show that the Plaintiff's injuries and damages result from the independent, intervening or superseding actions of others for whom Martinez has no legal responsibility or right of control.

Martinez demands trial by jury.

ISRAEL MARTINEZ, JR.

/s/ David W. Hearn
David W. Hearn (VSB. No. 37347)
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, VA  23219-1998
DHearn@sandsanderson.com
804-648-1636 – phone
804-783-7291 – fax

**Certificate of Service**

I hereby certify that on this 21st day of January, 2016, I filed the foregoing Answer of Israel Martinez, Jr. electronically with the Clerk of Court using the CM/ECF system.

/s/ David W. Hearn
David W. Hearn