IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

BRANDON LESTER, )
)
    Plaintiff, )
)
v. ) Civil Action No.7:15-CV-000665
)
SMC TRANSPORT, LLC, )
)
ISRAEL MARTINEZ, JR., )
)
and )
)
SALINAS EXPRESS, LLC, )
)
    Defendants. )
)

### SALINAS EXPRESS, LLC'S ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES AND RESPONSES TO FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW the Defendant, Salinas Express, LLC, by counsel, pursuant to the Federal Rules of Civil Procedure, and responds to Plaintiff's First Interrogatories and First Requests for Production of Documents, and in support thereof, states the following:

### GENERAL OBJECTIONS

1.    In certain respects, the discovery is overly broad, unduly burdensome, and ambiguous, contains undefined terms, and is not reasonably calculated to lead to the discovery of admissible evidence.

2.    Defendant objects to the discovery to the extent it seeks attorney-client information, work-product information, documents prepared in anticipation of litigation, otherwise privileged materials, or any information containing or reflecting the mental impressions, conclusions and/or legal theories of Defendant's attorneys that may relate to the privacy interests of any individual.

{3587/0003/ 00130930.DOCX }

3. Defendant objects to all discovery to the extent that, when read in conjunction with the instructions and definitions, may seek to impose obligations beyond those required by the Federal Rules of Civil Procedure.

On advice of counsel, if any Instructions and Definitions precede Plaintiff's discovery, defendant objects on the grounds that the Federal Rules of Civil Procedure do not provide for or contemplate such Instructions or Definitions. Without waiving this objection, and subject to it, defendant will answer Plaintiff's First Set of Interrogatories and Requests for Production of Documents using standard and customary English definitions and in accordance with the Federal Rules of Civil Procedure.

The responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents were prepared by defendant's counsel at Frankl, Miller & Webb. There may be some information in these answers that are not within defendant's personal knowledge but is within the knowledge of defendant's attorney.

## INTERROGATORIES

1. State the full name, address, occupation, title and job description of the person answering these interrogatories on behalf of Defendant Salinas Express, LLC.

**ANSWER:** **Rudy Salinas**
**PO Box 1240**
**Zapata, TX 78076**

**Owner, partner/dispatcher**

2. State the full and correct name and address of the individual sued as Israel Martinez Jr. and state whether he is currently or has ever been an employee or independent contractor of Salinas Express, please his dates of employment or contractor relationship, and reason(s) for termination.

{3587/0003/ 00130930.DOCX }

Case 7:15-cv-00665-GEC   Document 71-17   Filed 06/24/16   Page 2 of 18   Pageid#: 1438

**ANSWER:** Israel Martinez, Jr.
1109 Juarez Street
Zapata, TX 78076
At the time of this motor vehicle accident, Mr. Martinez, Jr. was not an employee of Salinas Express, LLC. After the accident, Mr. Martinez was hired by Salinas Express, LLC on January 22, 2016.

3. State the dates and describe the tasks that the individual sued as Israel Martinez Jr. has performed any paid or unpaid work for Salinas Express LLC.

**ANSWER:** Prior to the accident, Mr. Martinez did not perform any work, paid or unpaid, on behalf of Salinas Express, LLC.

4. State the full and correct name of the company sued as Salinas Express LLC., and the correct address for the company.

**ANSWER:** Salinas Express, LLC
240 Ladera E-1
Zapata, TX 78076

5. Please set forth the full names and full addresses of the registered owner(s) and any lessee(s) of the tractor and trailer Israel Martinez Jr. was operating at the time of the accident which is the subject of this lawsuit.

**ANSWER:** The tractor Mr. Martinez was operating at the time of the accident that is the subject of this lawsuit is owned by SMC Transport, LLC and therefore Salinas Express, LLC cannot provide the information requested.

6. If, at the time of this collision, Israel Martinez Jr. was involved in the business of his employer and acting within the scope of his employment, please set forth the name and address of his employer his destination at the time of the collision, the purpose of his trip and the name and address of his immediate supervisor.

**ANSWER:** Mr. Martinez was not employed by Salinas Express, LLC at the time of the collision. Nor was he involved in the business of Salinas Express, LLC.

{3587/0003/ 00130930.DOCX }

7. If you deny that defendant Israel Martinez Jr. was acting as your agent, servant or employee within the scope of his employment at the time of the collision in question, please state in complete detail the factual and legal basis of your denial.

**ANSWER:** Mr. Martinez was not employed by Salinas Express, LLC at the time of the collision. Salinas Express, LLC had no role whatsoever in Mr. Martinez being at the scene of the accident.

8. State the full name, address and telephone numbers of all persons who witnessed the accident which is the subject matter of this suit or have any knowledge of said accident and give a summary of the knowledge of each.

**ANSWER:** See Salinas Express, LLC's initial disclosures and supplemental initial disclosures as well as the initial disclosures submitted by the other parties in this matter.

9. State the name, address, phone number, qualifications and summary of the expected testimony of all experts that will testify at the trial of this matter.

**ANSWER:** Salinas Express, LLC has not yet made any determination with regard to expert witnesses to be called at trial. If a testifying expert is retained on behalf of Defendant Salinas Express, LLC, this answer will be supplemented in compliance with the Scheduling Order of the Court and the Federal Rules of Civil Procedure.

10. If there is any insurance or contract under which any person or company engaged in the insurance business may be liable to satisfy part or all of a judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy such judgment, please state the name and address of each insurance company, the number of each policy, and the policy limits amount of coverage in each instance.

**ANSWER:** See answers to Salinas Express, LLC's Rule 26 Initial Disclosures with attachments.

11. State your policy with respect to the retention and destruction of drivers' logs and trip receipts and explain any differences between that policy and the manner in which the Defendant driver's logs and trip expenses for the trip in question were treated.

{3587/0003/ 00130930.DOCX }

**ANSWER:** Salinas Express, LLC objects to this Request on the grounds that it exceeds the permissible limits of discovery and is not calculated to lead to the discovery of admissible evidence. Without waving the foregoing objections Salinas Express, LLC retains logs for six (6) months. However, since Mr. Martinez was not employed by Salinas Express, LLC at the time of this accident, there are no records or documents of any kind concerning this accident in the company's possession that have not already been produced.

12. State your policy with respect to testing your drivers for substance abuse and explain any differences between that policy and the manner in which you treated the Defendant driver. Was a urine sample taken from the driver within thirty-two (32) hours after the accident and, if not, why not?

**ANSWER:** Salinas Express, LLC objects to this Request on the grounds that it exceeds the permissible limits of discovery and is not calculated to lead to the discovery of admissible evidence. Without waving the foregoing objections Salinas Express, LLC operates in compliance with the Department of Transportation Regulations on testing drivers before and after motor vehicle accidents, however, Mr. Martinez was not employed by Salinas Express, LLC at the time of this accident, and, therefore, no action was taken by Salinas Express, LLC to secure a post-accident drug screen on Mr. Martinez. A pre-employment drug screen concerning Mr. Martinez has already been produced.

13. State the itinerary which Defendant Israel Martinez followed in the 72 hours before the date of the occurrence:

   a. Begin with the time and place he entered the vehicle and detail the locations time and duration of each stop and the route of travel between stops;

   b. State the destination to which he were bound at the time of the occurrence. Include the time he were to reach his intended destination, the reason or reasons for the trip and the full identity of any individuals who were aware of the time he left each location mentioned in 8a above or were to reach his intended destination; and

   c. Describe all commodities, including quantity and weight thereof he was hauling at the time of the occurrence.

{3587/0003/ 00130930.DOCX }

**ANSWER:** Salinas Express, LLC has no knowledge of Mr. Martinez's actions or itinerary in the seventy-two (72) hours prior to the date of this occurrence.

14. Describe any and all equipment on or part of the vehicle involved in the accident capable of being used to tow another vehicle, including when the equipment was attached to the vehicle involved in the accident, and by whom.

**ANSWER:** It is Salinas Express, LLC's understanding that Mr. Martinez picked up a truck at the Salinas Express, LLC yard which belonged to SMC Transport, LLC. It is unknown how the SMC Transport tractor came to be on the Salinas Express, LLC yard and/or who installed the portable wrecker on the SMC tractor.

15. Describe fully and completely how the occurrence mentioned in Plaintiffs Complaint happened, stating in your answer all events relating thereto in their sequential order.

**ANSWER:** Salinas Express, LLC has no direct knowledge regarding how the occurrence took place. Salinas Express, LLC reserves the right to supplement this answer as the discovery in this matter has just begun.

16. If you claim that the Plaintiff was contributorily negligent and/or assumed the risk, please explain, in full detail, the basis of your contention.

**ANSWER:** Salinas Express, LLC objects to this Interrogatory on the grounds that it seeks discovery of counsel's opinions, conclusions, mental impressions or legal theories, communications between the defendant and counsel and documents or information prepared in anticipation of litigation, which are subject to attorney-client privilege and work product protection.

Such question also calls for a legal conclusion on the part of the defendant, and the plaintiff is otherwise referred to the pleadings. Notwithstanding such objections, and without waiving them, counsel for Defendant Salinas Express, LLC contends that discovery in this matter has just begun, and Salinas Express, LLC reserves the right to amend its answer based on information received as this matter proceeds toward trial.

17. Identify any and all signs or placards in place on the vehicle involved in the accident the time of the accident.

{3587/0003/ 00130930.DOCX }

**ANSWER:** It is Salinas Express, LLC's understanding that the vehicle being driven by Mr. Martinez at the time of this accident had markings on the tractor indicating the vehicle was being operated on behalf of SMC Transport, LLC.

18. For any Request for Admission that you deny or deny in party please state the factual basis for the denial.

**ANSWER:** See Salinas Express, LLC's answers to Plaintiff's Requests for Admission.

19. Was any driver information ever sent to any insurer regarding the driving qualifications of the Defendant Israel Martinez.

**ANSWER:** Prior to this accident no driver information of any kind was ever sent to any insurer regarding the Defendant Israel Martinez, Jr.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. A copy of the registration and title to the vehicle Israel Martinez Jr. was driving at the time of the collision in question.

   **RESPONSE:** Salinas Express, LLC does not own the vehicle in question, and does not have any documents responsive to this Request.

2. Any and all photographs that Defendant or its attorney(s) have of the vehicles involved in the collision and the accident scene.

   **RESPONSE:** All photographs in the possession of Salinas Express, LLC have previously been produced.

3. Copies of all reports prepared by any expert witnesses you have retained in this matter.

   **RESPONSE:** Defendant Salinas Express, LLC objects to this Request on the grounds that is it overly broad, and the documents requested are protected by attorney work product. See answer to Interrogatory 9, which is incorporated herein by reference.

4. Copies of any and all insurance agreements or polices under which any person or entity carrying on an insurance business may be liable to satisfy part of all of the judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering Defendant or the vehicle being driven by Israel Martinez Jr at the time in question.

   **RESPONSE:** A copy of Salinas Express, LLC's insurance policy was previously produced with its Initial Disclosures.

5. Copies of any and all statements previously made by Plaintiff or Defendant Israel Martinez Jr. concerning the subject matter of this lawsuit including any written statements signed or otherwise adopted or approved by the Plaintiff or Israel Martinez Jr.

{3587/0003/ 00130930.DOCX }

**RESPONSE:** Salinas Express, LLC objects to this Request on the grounds that documents sought are protected by attorney work product doctrine. At this time, Salinas Express, LLC is unaware of any written or recorded statements made by the plaintiff in this matter.

6. Copies of any and all statements previously made by any witness concerning the subject matter of this lawsuit including any written statements Signed or otherwise adopted or approved by the witness.

**RESPONSE:** Salinas Express, LLC objects to this Request on the grounds that documents sought are protected by attorney work product doctrine. Without waiving this objection, see the witness statements provided by the Virginia State Police, copies of which have already been provided to all parties to this case.

7. Any and all personnel records of Israel Martinez Jr. including but not limited to a complete copy of his personnel file, a copy of his application for employment, a copy of all job reference checks, and copies of all employee appraisal reports, payroll records and incident reports.

**RESPONSE:** See documents previously produced with Salinas Express, LLC's Initial Disclosures.

8. A copy of the drivers' log book for the vehicle involved in the accident for the period of one (1) month prior to the accident through to the present date.

**RESPONSE:** Salinas Express, LLC is not in possession of any drivers' logs concerning Israel Martinez, Jr. for the date of this accident or one month prior thereto as he was not employed by Slainas Express, LLC at the time of this incident.

9. A copy of any drivers' log book for any vehicle owned, leased, or borrowed by Salinas Express LLC for the period of one (1) month prior to the accident through to the present date in which Israel Martinez appears or made any entries.

**RESPONSE:** Salinas Express, LLC objects to this Request for Production of Documents on the grounds that it is overly broad, unduly burdensome and that it is not calculated to lead to the discovery of admissible evidence.

{3587/0003/ 00130930.DOCX }
Case 7:15-cv-00665-GEC Document 71-17 Filed 06/24/16 Page 9 of 18 Pageid#: 1445

> Without waving the foregoing objection, Salinas Express, LLC is not aware of any log books that are responsive to this Request regarding the vehicle Mr. Martinez was driving at the time of the motor vehicle accident. The logs for Roy Salinas have previously been produced.

10. A copy of the record made by any recording device that the vehicle was equipped with to record speed, time or engine revolutions per minute.

> **RESPONSE:** Salinas Express, LLC has no documents responsive to this Request. Futhermore, Salinas Express, LLC is not in possession of, nor does it have an ownership interest in, the SMC Transport vehicle Mr. Martinez was driving at the time of this motor vehicle accident.

11. All documentation, medical records or other papers reflecting the physical examination of the driver Israel Martinez Jr. that is required by the Department of Transportation of any State in which he was qualified to drive at the time in question.

> **RESPONSE:** Mr. Martinez was not employed by Salinas Express, LLC at the time of the collision. Salinas Express, LLC is not in possession of any documents responsive to this Request that have not already been produced with its Initial Disclosures in the case.

12. Any and all records reflecting payments made to Israel Martinez Jr. by Defendant Salinas Express, LLC for the previous 5 years.

> **RESPONSE:** Salinas Express, LLC is not in possession of any documents responsive to this Request for the five years prior to the motor vehicle accident.

13. Any and all records reflecting any work, paid or unpaid, performed by Israel Martinez Jr. for Salinas Express LLC for the previous 5 years.

> **RESPONSE:** Salinas Express, LLC is not in possession of any documents responsive to this Request for the five years prior to the motor vehicle accident.

14. Produce a copy of any and all communications that may be stored in any format, including but not limited to written correspondence, email, fax, text message, Facebook or other social media message or post, audio or video recording sent or received from any source concerning the allegations in the Complaint.

> **RESPONSE:** Salinas Express, LLC objects to this Request on the grounds that it is overly broad, unduly burdensome, and it seeks discovery of communications between the defendant and counsel and information prepared in anticipation of litigation, and/or is subject to the attorney-client privilege or work product doctrine.

15. Produce a copy of any and all communications that may be stored in any format, including but not limited to written correspondence, email, fax, text message, Facebook or other social media message or post, audio or video recording sent by you to, or from any defendant in this matter.

> **RESPONSE:** Salinas Express, LLC objects to this Request on the grounds that it is overly broad, unduly burdensome, and it seeks discovery of communications between the defendant and counsel and information prepared in anticipation of litigation, and/or is subject to the attorney-client privilege or work product doctrine. Without waiving these objections, Salinas Express, LLC is not in possession of any documents responsive to this Request.

16. Any and all documents or tangible exhibits which you will attempt to introduce at trial.

> **RESPONSE:** Salinas Express, LLC has not yet made any determination with regard to exhibits to be used at trial. Defendant Salinas Express, LLC, will supplement this answer in compliance with the Scheduling Order of the Court and the Federal Rules of Civil Procedure.

17. Your tax returns for the prior five years, including any and all supporting documentation used to generate such returns.

{3587/0003/ 00130930.DOCX }

**RESPONSE:** Salinas Express, LLC objects to this Request on the grounds that it exceeds the permissible limits of discovery and is not calculated to lead to the discovery of admissible evidence.

18. Any and all payroll records for the previous 5 years. [Defendant may redact any private information of anyone not a party to this matter].

**RESPONSE:** Salinas Express, LLC objects to this Request on the grounds that it is overly broad, unduly burdensome, that it exceeds the permissible limits of discovery and is not calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Salinas Express, LLC is not in possession of any documents responsive to this Request involving Mr. Martinez for the 5 years prior to this accident.

19. A copy of any and all documents sent or received as a result of any FOIA requests to any party or entity in relation to this matter.

**RESPONSE:** Any documents obtained through any Freedom of Information Act requests will be produced upon receipt. At this time, Salinas Express, LLC has no documents responsive to this Request.

20. A copy of any and all documents received pursuant to a subpoena *duces tecum*.

**RESPONSE:** Any documents obtained by subpoena *duces tecum* will be produced upon receipt. All documents received to date have previously been provided to all parties.

21. A copy of any reservation of rights letters received from any insurer in this matter.

**RESPONSE:** See the attached reservation of rights letter.

22. A copy of any records reflecting any agreement with any entity regarding the use, ownership, possession or control of the vehicle involved in this accident, including but not limited to any sales contracts, lease agreements, or other informal agreements.

**RESPONSE:** Salinas Express, LLC has no documents in its possession which are responsive to this Request.

{3587/0003/ 00130930.DOCX }

23. A copy of any incident reports involving Israel Martinez Jr. for the previous 5 years.

    **RESPONSE:** Salinas Express, LLC has no documents in its possession which are responsive to this Request.

24. A copy of any driver information sheet, qualification form or any other similar document sent to or received from any insurer with regard to Israel Martinez Jr.

    **RESPONSE:** Salinas Express, LLC has no documents in its possession which are responsive to this Request.

25. A copy of any surveillance conducted on the Plaintiff.

    **RESPONSE:** Salinas Express, LLC objects to this Interrogatory on the grounds that it seeks information which is subject to attorney-client privilege and work product doctrine, or is information prepared in anticipation of litigation. Without waiving these objections, Salinas Express, LLC is not in possession of any documents or other items responsive to this Request, at this time.

_/s/ Daniel P. Frankl_
Daniel P. Frankl (VSB No. 26741)
FRANKL MILLER & WEBB, LLP
1711 Grandin Road
Post Office Box 4126
Roanoke, Virginia 24015
540-527-3515 Telephone
540-527-3520 Facsimile
Counsel for Salinas Express, LLC

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on March 25th, 2016, the foregoing documents were emailed and delivered, via first-class mail to Melissa Robinson, Esquire, Glenn, Robinson, & Cathey, PLC, 400 Salem Avenue, S.W., Suite 100, Fulton Lofts, Roanoke, Virginia 24016, counsel for the plaintiff, Lawrence A. Dunn, Esquire, Morris & Morris, P.C., 11 South 12th Street, 5th Floor, Richmond, Virginia, 23219, counsel for SMC Transport, LLC, David W. Hearn, Esquire, Sands Anderson PC, 1111 East Main Street, Suite 2400, Richmond, Virginia 23219-1998, counsel for Israel Martinez, Jr.

_____
Of Counsel



# NTA, Inc.

**Transportation Claims Management**

29 December 2015

Salinas Express, LLC
PO Box 1221
Zapata, TX 78076

RE:     **OUR CLAIM NO:**     STW0135
           **DATE OF LOSS:**     October 26, 2015
           **POLICY NO:**     ST44000306

Dear Ms. Salinas,

As you are aware, NTA, Inc. is the authorized representative of Falls Lake Insurance Company. As such, we will be handling this matter on their behalf. NTA, Inc. received first notice of a property damaged subrogation claim on November 30, 2015. It was reported that Israel Martinez and Roy Salinas were involved in a collision with a passenger auto owned and driven by Brandon Lester and a consequential collision with a vehicle driven by Anthony Shifflett. We acknowledge receipt today of a lawsuit filed in the United States District Court for the Western District of Virginia, Roanoke Division. The suit is styled *Brandon Lester, Plaintiff v. SMC Transport, LLC, and Israel Martinez, Jr., and Salinas Express, LLC.*

It has been reported that at the time of the incident that driver Israel Martinez was operating a vehicle owned by and borrowed from SMC Transport. Mr. Martinez arrived at a truck stop to pick up Roy Salinas and his broken down truck. As Mr. Martinez was leaving the truck stop, he exited improperly by exiting at the entrance. This caused him to enter Interstate 81 in the wrong direction, facing oncoming traffic. Mr. Martinez then collided with Mr. Lester's Toyota Tacoma, Mr. Lester was ejected from his vehicle and his vehicle was then pushed into the next lane where it was struck by Anthony Shifflett. Both Brandon Lester and Anthony Shifflett suffered serious injuries as a result of this incident.

Salinas Express LLC was issued a liability policy, policy number ST44000306 by Falls Lake National Insurance Company for a period of May 29, 2015 to May 29, 2016. FCCI Insurance Group as subrogee of CTWWM, Inc., Brandon Lester and Anthony Shifflett are now seeking benefits under this policy.

We hereby question the applicability of coverage for this loss under the policy issued to Salinas Express LLC because the vehicle operated by Mr. Martinez was never reported to Falls Lake Insurance Company at any time prior to this accident and subsequently scheduled on your policy. Furthermore, you indicate that Mr. Martinez was never a reported driver on your policy and in fact, was never offered employment by Salinas Express, LLC prior to this incident.



Page 2
STW0135
12-29-15

You also indicate that this incident did not occur while the involved tractor was operating under your operating authority as a motor carrier. We also note that Roy Salinas is not a scheduled driver and it does not appear that Roy Salinas' broken down truck was a scheduled vehicle under the policy.

We call your attention to the following policy language as written in the liability policy issued to Salinas Express, LLC.

### SECTION II – COVERED AUTOS LIABILITY COVERAGE

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto"…

The Motor Carrier Coverage Form (Commercial Auto CA 00201013) defines the covered autos under the policy as including only "Specifically Described "Autos" "Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three)." It is our understanding that neither the towing vehicle nor the towed truck were "Specifically Described Autos" and therefore neither qualifies as a covered auto.

The policy further provides:

The following are "insureds"

a. You for any covered "auto"

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

   1. The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".
   2. Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.
   3. Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

20343 N Hayden Rd, Suite 105-120 Scottsdale, AZ 85255    1-480-659-5306 Voice   480-659-5365 Fax


**NTA, Inc.**     Transportation Claims Management

Page 3
STW0135
12-29-15

However, none of the following is an "insured":

1. Any "motor carrier" for hire or his or her agents or "employees", other than you and your "employees"

   a. If the "motor carrier" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

   b. If the "motor carrier" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and the "employees" while the "autos" are leased to and that "motor carrier" and used in his or her business.

In the suit referenced above, the Plaintiffs have claimed compensatory damages of $7.5 million. The coverage limits under the policy are $1 million. Therefore, should a judgement be entered against you, it may exceed the coverage available under the policy. If you have any excess or umbrella coverage or any other coverage that may apply to this accident, please advise us immediately of the name of the insurers and place all such insurers on notice of the lawsuit. In the absence of any additional coverage, you may be held responsible to pay any compensatory damages in excess of the policy coverage limits.

We also note that the lawsuit includes a claim for punitive damages against you. The policy does not cover punitive damages because such damages are not awarded for accidental conduct. Further, such damages do not constitute either "bodily injury" damages or property damages. If a judgement is entered against you awarding punitive damages, even if coverage under the policy is determine to otherwise apply, you will be responsible for satisfying any such punitive damage judgement. Additionally, we note that the policy includes the following exclusion:

**Endorsement IL7004001113**
**PUNITIVE, EXEMPLARY, AND EXTRA CONTRACTUAL DAMAGE EXCLUSION**

This policy does not insure against or provide indemnity for fines, penalties, exemplary or punitive damages or any other type of kind of judgement or award which does not compensate the party benefiting from the award or judgement for any actual loss or damage sustained.

20343 N Hayden Rd, Suite 105-120 Scottsdale, AZ 85255    1-480-659-5306 Voice   480-659-5365 Fax

Case 7:15-cv-00665-GEC   Document 71-17   Filed 06/24/16   Page 17 of 18   Pageid#: 1453

 **NTA, Inc.**     Transportation Claims Management

Page 4
STW0135
12-29-15

It is agreed that Falls Lake National Insurance Company hereby fully and completely reserves all of its rights under this policy and applicable laws of the States of Texas and Virginia. Falls Lake National Insurance Company may continue to investigate the said incident and/or defend you in the currently pending lawsuit and/or any others which may be filed as a result of the subject accident without waiving any such rights.

No action taken by Falls Lake National Insurance Company in the investigation, settlement or defense of this suit or any other suits arising from this accident shall constitute or be construed as a waiver or an estoppel of any of the rights of Falls Lake National Insurance Company under said policy and that Falls Lake National Insurance Company shall have the right to withdraw at any time and refuse payment to any indemnity under the policy.

If Falls Lake National Insurance Company settles one or more of the claims arising out of this incident, such action shall not be construed as a waiver or an estoppel of its right to deny coverage under the policy for any other claims arising out of this incident.

As there may not be any coverage for the claims asserted against you and because even if coverage applies to some claims, it may not apply to others, you have the right to retain legal counsel of your choosing at your own expense. The defense counsel we have retained on your behalf will cooperate and work with your personal defense counsel.

Falls Lake National Insurance Company, by naming the specific grounds for this Reservation of Rights, do not waive any of its rights or any of the provisions and conditions of said policy of insurance and specifically reserves all of its rights and remedies under said policy, and under the statutes and common law of the State of Texas.

Sincerely yours,

NTA, Inc.

*Misti Jenkins*

Misti Jenkins
Claims Supervisor
mjenkins@ntai.org

20343 N Hayden Rd, Suite 105-120 Scottsdale, AZ 85255    1-480-659-5306 Voice   480-659-5365 Fax