UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| BRANDON LESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.7:15-CV-00665-GEC |
| | ) | |
| SMC TRANSPORT, LLC, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| ISRAEL MARTINEZ, JR., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SALINAS EXPRESS, LLC, | ) | |
| | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY RAY SHIFFLETT, | ) | |
| | ) | |
| <u>Serve</u>: | ) | |
| Anthony Ray Shifflett | ) | |
| 527 Rosser Road | ) | |
| Dillwyn, Virginia 23936 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CTWWM, INC., d/b/a CARTER'S, | ) | |
| | ) | |
| <u>Serve</u>: | ) | |
| Jeanne C. Carter, Registered Agent | ) | |
| 475 Franklin Street | ) | |
| Charlottesville, Virginia 22903 | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## SALINAS EXPRESS, LLC'S
## THIRD-PARTY COMPLAINT

Defendant and third-party plaintiff Salinas Express, LLC, (hereinafter "Salinas") by counsel, pursuant to Rule 14 of the Federal Rules of Civil Procedure, files this Third-Party Complaint against third-party defendants Anthony Ray Shifflett (hereinafter "Shifflett") and CTWWM, Inc., d/b/a Carter's, (hereinafter "Carter's") on the grounds set forth herein, as follows:

1. This case is an action for personal injuries arising out of a motor vehicle accident that occurred on or about October 26, 2015, on Interstate 81 in Botetourt County, Virginia. The plaintiff Brandon Lester allegedly struck a vehicle operated by defendant Israel Martinez, Jr. (hereinafter "Martinez"). After that collision (hereinafter "the initial accident"), the plaintiff was not injured. The plaintiff and his vehicle were ultimately struck by a 2007 Hino (hereinafter "the box truck") operated by Shifflett and owned by Carter's (hereinafter "the second accident"), which impact allegedly resulted in injuries to the plaintiff. See Brandon Lester's First Amended Complaint attached as Exhibit A.

2. Between the initial accident and the second accident, multiple vehicles safely passed by the plaintiff's vehicle on Interstate 81.

3. At all times relevant to this action, Shifflett was an agent, servant, and/or employee of Carter's and was acting in the course and scope of such agency or employment.



4. The plaintiff has sued multiple defendants, including Salinas, alleging, among other claims, vicarious liability on the part of Salinas for negligence on the part of alleged agents, servants, and/or employees of Salinas in the operation of a motor vehicle that was a proximate cause of both the initial accident and the second accident.

5. Salinas has denied, and continues to deny, its being guilty of any negligence that was a proximate cause of either the initial accident or the second accident. Salinas likewise has denied, and continues to deny, its being vicariously liable for any negligence on the part of those alleged to be Salinas's agents, servants, and/or employees that was a proximate cause of either the initial accident or the second accident. Salinas further has denied, and continues to deny, its being liable to the plaintiff for any injuries and/or damages that the plaintiff alleges to have sustained as a result of either the initial accident or the second accident.

6. Salinas alleges and avers that both the second accident and the plaintiff's alleged damages and injuries were the proximate result of negligence on the part of Shifflett in his operation of the box truck. Salinas further alleges and avers that Carter's, under the doctrine of *respondeat superior*, is vicariously liable for such negligence.

7. At all times relevant to this action, Shifflett owed a duty to the plaintiff and to other members of the motoring public to operate the box truck with safety, with reasonable care, and with due regard for others using the roadway.

8. Notwithstanding such duties, Shifflett was negligent, careless, and reckless in his operation of the box truck at the time and place alleged. Such negligence proximately caused both the second accident and the plaintiff's alleged damages and injuries.

9. The particulars of Shifflett's negligence in his operation of the box truck include, without limitation, the following:

    a. Shifflett failed to maintain a proper lookout;

    b. Shifflett failed to maintain the box truck under proper control;

    c. Shifflett failed to operate the box truck at a safe and appropriate speed under the conditions and circumstances then and there existing;



    d. Shifflett failed to maintain a safe and appropriate distance between the box truck and the vehicles around him;

    e. Shifflett failed to give full time and attention to his operation of the box truck;

    f. Shifflett violated § 46.2-816 of the Code of Virginia (1950) (as amended) in his operation of the box truck, which violation constitutes negligence *per se*; and

    g. Shifflett was otherwise negligent, reckless, and careless in his operation of the box truck, as will be shown by the evidence adduced during discovery or at trial.

10. Under the doctrine of *respondeat superior*, Carter's is vicariously liable for the negligence of Shifflett, its agent, servant, and/or employee, who was operating the box truck in the course and scope of his agency and employment with Carter's and in furtherance of Carter's business interests.

11. In the event that Salinas is held liable to the plaintiff for negligence on the part of Shifflett and/or Carter's that was a proximate cause of the second accident and/or the plaintiff's alleged damages and injuries, Salinas, under principles of equitable indemnification, is entitled to be indemnified by Shifflett and/or Carter's for such liability.

12. In the alternative, should Salinas be found liable for any portion of the plaintiff's alleged damages and injuries, Salinas is entitled to recover from Shifflett and/or Carter's his, its, or their proportionate share of such liability.

WHEREFORE, defendant and third-party plaintiff Salinas Express, LLC, requests, in accordance with Rule 14 of the Federal Rules of Civil Procedure, that the third-party defendants Anthony Ray Shifflett and CTWWM, Inc., d/b/a Carter's, be made parties to this

4

action and that the Court enter judgment against the third-party defendants, jointly and severally, for indemnity or, alternatively, contribution in favor of Salinas for any and all sums awarded in favor of the plaintiff against Salinas as a result of the initial accident and/or the second accident.  Salinas additionally requests such further and other relief as the Court deems just and proper.

                SALINAS EXPRESS, LLC

                By: /s/ *Daniel P. Frankl*
                   Of Counsel

Daniel P. Frankl (VSB No. 26741)
 dfrankl@franklmillerwebb.com
Audra M. Dickens (VSB No. 82379)
 adickens@franklmillerwebb.com
FRANKL MILLER & WEBB, LLP
Post Office Box 4126
Roanoke, Virginia  24015
540-527-3515 Telephone
540-527-3520 Facsimile

Counsel for Defendant and Third-Party Plaintiff
 Salinas Express, LLC



# **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following:

>Johneal Moore White (VSB No. 74251)
>  jwhite@glennrob.com
>Melissa Walker Robinson (VSB No. 29065)
>  mrobinson@glennrob.com
>Victor S. Skaff, III (VSB No. 40054)
>  vskaff@glennrob.com
>GLENN ROBINSON & CATHEY, PLC
>400 Salem Avenue, S.W., Suite 100
>Roanoke, Virginia  24016
>(540) 767-2206
>(540) 767-2220 (facsimile)
>
>Counsel for Plaintiff
>
>Lawrence A. "Lex" Dunn (VSB No. 30324)
>  LDunn@morrismorris.com
>MORRIS & MORRIS, PC
>Post Office Box 30
>Richmond, Virginia  23218-0030
>(804) 344-8300
>(804) 344-8359 (facsimile)
>
>Counsel for Defendant
>  SMC Transport, LLC
>
>David W. Hearn, Esquire (VSB No. 37347)
>  dhearn@sandsanderson.com
>SANDS ANDERSON PC
>1111 East Main Street, Suite 2400
>Richmond, Virginia  23219-1998
>(804) 783-7285
>(804) 783-7291 (facsimile)
>
>Counsel for Defendant
>  Israel Martinez, Jr.

/s/ *Daniel P. Frankl*
Of Counsel

6