# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRANDON LESTER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.7:15-CV-00665-GEC |
| SMC TRANSPORT, LLC, LLC, | ) |
| ISRAEL MARTINEZ, JR., | ) |
| AND | ) |
| SALINAS EXPRESS, LLC, LLC, | ) |
| Defendants. | ) |

## AFFIDAVIT OF RUDY SALINAS INDIVIDUALLY AND AS OWNER OF SALINAS EXPRESS, LLC

1. My name is Rudy Salinas and I currently live at 3327 South U.S. Highway 83, Zapata, Texas 78076.

2. Salinas Express, LLC was formed in April or May of 2014.

3. My sister, Sylvia Ramirez and I each own fifty percent of Salinas Express, LLC.

4. Sylvia Ramirez is a manager of Salinas Express, LLC whose role is to handle the paperwork and payroll.

5. I am a manager with Salinas Express, LLC, and my main duties revolve around the operations of the company to include dispatching and supervising drivers while under dispatch.

6. Salinas Express, LLC, does not have any employees as it operates using independent contractors/owner operators for dispatched loads.

7. In approximately 2001 I purchased a 1988 Peterbilt tractor, VIN 1XP5DB9X7JD255565, that I titled in my own name and used personally until I gifted it to my father in approximately 2008 or 2009. Even though I gave him the vehicle, I did not transfer the title into his name.

8. In approximately 2014 my father agreed to sell the 1988 Peterbilt to my brother, Roy Salinas.

9. At the time of this accident, Roy Salinas was in the process of purchasing the 1988 Peterbilt from my father.

10. Since Roy Salinas was purchasing the 1988 Peterbilt, he was considered its owner and he was and is solely responsible for the care, custody, and maintenance of said vehicle.

11. On or about October 21, 2015, I received a call from Roy Salinas informing me that his tractor had broken down in Virginia.

12. As a result of Roy Salinas' tractor breaking down, I assigned Edwardo Lozano to complete the dispatched load that he was in the process of delivering to Laredo, Texas, and then to return to Virginia to pick up the loaded trailer that Roy Salinas had been hauling and complete its delivery to Laredo, Texas.

13. Eduardo Lozano was the only Salinas Express, LLC independent contractor/owner operator assigned by the company to return to Virginia, in any capacity.

14. I and/or Salinas Express, LLC, was not aware that Roy Salinas borrowed a tractor from SMC Transport, LLC, with a towing mechanism attached, that he intended to drive back to Virginia to recover his disabled tractor.

15. I and/or Salinas Express, LLC, was not aware that Roy Salinas requested Israel Martinez to accompany him from Zapata, Texas, back to Virginia to help in the recovery of his disabled 1988 Peterbilt tractor until after the accident that is the subject matter of this litigation had already occurred.

16. I and/or Salinas Express, LLC, was not aware that Roy Salinas requested that Art Gutierrez accompany him from Houston, Texas, in the SMC Transport, LLC tractor to help him recover his disabled 1988 Peterbilt tractor until after the accident that is the subject matter of this litigation had already occurred.

17. I and/or Salinas Express, LLC, was not aware that the driver I dispatched, Eduardo Lozano, to recover the loaded trailer and continue the delivery of the trailer attached to Roy Salinas' disabled tractor, accompanied Roy Salinas, Israel Martinez, and ultimately Art Gutierrez on their return trip to Virginia, until after the accident that is the subject matter of this litigation had already occurred.

18. I and/or Salinas Express, LLC, was not aware that Eduardo Lozano's tractor was towed by the SMC Transport, LLC tractor from Weslaco, Texas, back to Virginia by the SMC Transport, LLC tractor Roy Salinas borrowed, until after the accident that is the subject matter of this litigation had already occurred.

19. I and/or Salinas Express, LLC, did not talk to anyone from SMC Transport, LLC about borrowing a tractor, with or without a towing hitch attached, to help with the recovery of Roy Salinas' disabled tractor.

20. I and/or Salinas Express, LLC was not responsible for or had any involvement in the recovery of Roy Salinas' disabled tractor.



21. I and/or Salinas Express, LLC had no involvement with the procurement of the SMC Transport, LLC's tractor to be used to help recovery Roy Salinas' disabled tractor.

22. Salinas Express, LLC's only business concern, involved the delivery of the load contained in the trailer attached to Roy Salinas' disabled tractor and seeing that it was delivered in a timely manner.

And further the Affiant sayeth not:

*[signature]*
Rudy Salinas, individually and as owner of Salinas Express, LLC

STATE OF TEXAS            )
                          )  To-wit:
CITY/COUNTY/TOWN OF ZAPATA )

This 6th day of July, 2016, appeared before me, Rudy Salinas, and after having been duly sworn, affirms that the statements contained herein are true and accurate according to the best of his knowledge, information, and belief.

*[signature]*
Notary Public

My commission expires: Feb. 04, 2020

ZORAIDA GONZALEZ
Notary Public State of Texas
My Commission # 130527303
My Comm. Exp. February 4, 2020

FRANKL
MILLER
WEBB

{3587/0003/ 00138455.DOCX }

4