IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BRANDON LESTER,                          )
                                         )
         Plaintiff,                      )
                                         )
v.                                       )
                                         )        Civil Action No.  7:15cv665
SMC TRANSPORT, LLC,                      )
                                         )
and                                      )
                                         )
ISRAEL MARTINEZ, JR.,                    )
                                         )
and                                      )
                                         )
SALINAS EXPRESS, LLC,                    )
                                         )
         Defendants.                     )

## PLAINTIFF'S BRIEF IN OPPOSITION TO
## DEFENDANT SALINAS EXPRESS, LLC'S MOTION TO DISMISS

The Plaintiff, Brandon Lester ("Lester"), by counsel, files this Brief in Opposition to Defendant Salinas Express, LLC's ("Salinas") Motion to Dismiss herein.  For the reasons set forth below, Lester respectfully urges this Court to deny defendant's motion in its entirety.

## STANDARD OF REVIEW

As this Court is aware, Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of an action for failure to state a claim upon which relief can be granted.  To survive such a Motion, a plaintiff must establish "facial plausibility" by pleading "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129

1

S.Ct. 1937, 173 L.Ed.2d 868 (2009).  All well-pleaded allegations in the complaint are taken as true and all reasonable factual inferences are drawn in the plaintiff's favor.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  However, "[a]t bottom, a plaintiff must nudge his claims across the line from conceivable to plausible, to resist dismissal." *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 364-65 (4th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

<u>ARGUMENT AND AUTHORITIES</u>

I.  <span style="font-variant:small-caps">Salinas Express' Request For Dismissal Of Lester's Claim For Punitive Damages Should Be Denied on Multiple Grounds</span>

A.    **Plaintiff's claim for punitive damages should not be adjudicated on a F.R.C.P. 12(b)(6) Motion.**

An emerging rule of law in this District pertains to whether a Rule 12(b)(6) Motion is an appropriate vehicle to challenge a plaintiff's claim for punitive damages as a measure of relief in a civil action.  As most recently articulated in *Meeks v. Emiabata*, 2015 U.S. Dist. LEXIS 48112 (W.D. Va. 2015), several jurists of this Court have determined that such a motion must be denied as improperly challenging a basis for relief rather a cause of action asserted in a Complaint:

> Several judges of this court, including the undersigned, recently have recognized that Fed. R. Civ. P. 12(b)(6) does not provide a vehicle to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety. See *Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 629, 631-32 (W.D. Va. 2014) (Urbanski, J.); *Debord v. Grasham*, 2014 U.S. Dist. LEXIS 102240, 2014 WL 3734320, at *1 (W.D. Va. July 28, 2014) (Jones, J.) (agreeing with *Charles* court "that a Rule 12(b)(6) motion is a premature means to attack a request for punitive damages, at least where such damages are theoretically recoverable under the applicable law"); *Downs v. Winchester Med. Ctr.*, 21 F. Supp. 3d 615, 620 (W.D. Va. 2014) (Urbanski, J.) ("the question of punitive damages is not properly addressed on a motion to dismiss"); *Bocock v. Specialized Youth Servs. of*

*Va. Inc.*, No. 5:14-cv-50, 2015 U.S. Dist. LEXIS 47005 (W.D. Va. April 10, 2015) (Dillon, J.) (order denying Rule 12(b)(6) motion to dismiss claim for emotional distress damages).

Other courts, too, have recognized that Rule 12(b)(6) does not allow the dismissal of a request for a remedy. *See, e.g., Schmidt v. C.R. Bard, Inc.*, No. 6:14-cv-62, 2014 U.S. Dist. LEXIS 146459, 2014 WL 5149175, at *7-8 (S.D. Ga. Oct. 14, 2014). . . *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1220 (W.D. Okla. 2012). . .

*Id.* at *4-5.

Although in *Meeks* the Court recognized that, in previous cases, this Court and the Fourth Circuit Court of Appeals has dismissed or considered dismissal of requests for punitive damages pursuant to Rule (12)(b)(6), the procedural propriety of so proceeding was never raised as an issue. *Id.* at 4 (Footnote 1). Accordingly, on this basis, Lester respectfully urges the Court to deny SMC's Motion.

**B.      Even if this Court were to consider the allegations set forth in the Amended Complaint, Lester's claim for punitive damages is clearly viable under Virginia law.**

This Court has had occasion to consider claims of willful negligence and for punitive damages against truck drivers in several recent decisions. *See e.g.*, *Madison v. Acuna* (Acuna II), 2012 U.S. Dist. LEXIS 176170, 2012 WL 6196450 (W.D. Va. December 12, 2012) (denying Motion to Dismiss Amended Claim for Punitive Damages); *Boone v. Brown*, 2013 U.S. Dist. LEXIS 138989 (W.D. Va. 2013) (plaintiff's Complaint stated a claim for ordinary negligence, compelling dismissal of plaintiff's claim for punitive damages without prejudice); *McDonald v. Betsinger*, 2016 U.S. Dist. LEXIS 29139 (W.D. Va. 2016) (facts insufficient to state a claim for wanton negligence); *Stanley v. Star Transport, Inc.*, 2010 U.S. Dist. LEXIS 90404 (W.D. Va. 2010) (denying motion to dismiss claim for punitive damages

3

against professional truck driver); *Baker v. Oliver*, 2006 U.S. Dist. LEXIS 39645 (W.D. Va. 2006) (denying motion to dismiss claim for punitive damages against professional truck driver). The Supreme Court of Virginia, likewise, has had occasion to assess a claim for punitive damages in the context of actions by a professional truck driver and has recognized a basis for their recovery on far less egregious facts than are present here. See *Alfonso v. Robinson*, 257 Va. 540, 514 S.E.2d 615 (1999).

With regard to whether this case and Lester's injuries arise from a "run of the mill" automobile accident, it is surprising that Salinas Express would even attempt to characterize the accident at issue in such a manner when it clearly shocked the investigating Virginia state trooper, based on his conversation with Israel Martinez ("Martinez"), as well as the General District Court Judge who presided over the traffic court charges leveled against Martinez by the Commonwealth,[1] exclaiming "[o]n the reckless driving charge, I can't imagine really anything more reckless than what he did."

Looking solely to the facts alleged in the Amended Complaint, this accident occurred after Martinez, a professional truck driver, consciously made the decision to attempt a U-turn while operating two tractors out of an entrance ramp of a rest stop, in the immediate vicinity of a rise on Interstate 81 which would prevent motorists, traveling at a speed of 70 miles per hour, from seeing the nearly stopped tractors until it was too late to avoid an accident. There is much more additional evidence in Lester's pending Motion for Partial

---

[1] Should Plaintiff's punitive damage claim survive the pending Motion and should Salinas Express seek summary judgment on the issue, Lester will rely in part upon such evidence, including the transcript of the General District Court proceedings regarding the fact that Martinez's actions in operating his tractor have already shocked those in law enforcement and the judiciary despite the fact that they are accustomed to dealing with the most egregious of accidents.

Summary Judgment, however, these facts in and of themselves should well support Plaintiff's claim for relief.  Moreover, Martinez's action after the fact of attempting the same maneuver again, after knowing of the potential deaths he had just caused, is admissible to show his conscious disregard of the lives of others, as recognized in this Court in *Boone*, in which the recitation of facts included Defendant's act of leaving the scene following the accident.  *Boone*, 2013 U.S. Dist. LEXIS 138989 at 9.

Here, the consciousness of Martinez and Roy Salinas's decision to attempt such an outrageously dangerously maneuver with two tractors far surpasses the level of wantonness present in even the most egregious of the cases decided by the Supreme Court of Virginia by involving the actions of a motor vehicle operator.  Accordingly, on this basis as well, Salinas Express' Motion should be denied.

Finally, Salinas' argument that it should not be liable for its agent's willful neglect because there is no proof that it ratified the actions of Martinez and Roy Salinas well reflects why the issue of punitive damages should not be considered on a Rule 12(b)(6) motion.  A plaintiff should not be expected to know of the internal communications between an employer and its employees at the time of the initial filing of the Complaint, before discovery has even commenced.  Now, Lester knows through the testimony of Martinez and Roy Salinas that neither SMC nor Salinas Express took any disciplinary action against them following the accident and, in fact, did not even conduct an investigation.  Now, the plaintiff also knows that did not to preserve either the driving logs of Martinez or Roy Salinas following the accident.  In fact, Salinas Express never required Martinez to complete logs on previous jobs for the company, pursuant to which he was paid "under the table."

5

Most importantly, following this accident, not only did Salinas Express fail to preserve evidence, but it intentionally manipulated evidence pertaining to Martinez's employment with the company, including the act of misdating his very employment application and then asserting that Martinez was not hired by the company until well after the accident.   In this case, SMC's election to allow Martinez and Roy Salinas to continue to drive the SMC Tractor back to Texas after the accident, without any criticism of their actions, when coupled with its subsequent lies about Martinez's previous employment with the company and failure to preserve the logs from the trip, clearly establish a basis for the jury to conclude that Salinas Express has in essence ratified their conduct.  See *Fellerman v. Am. Ret. Corp. Imperial Plaza*, 2010 U.S. Dist. LEXIS 43177, *20 (E.D. Va. 2010) (Defendant employer ratified employee's acts when it took active steps to conceal the misconduct by altering and destroying records).

## II.  IN HIS AMENDED COMPLAINT, PLAINTIFF STATES A VALID CLAIM OF NEGLIGENT ENTRUSTMENT

As the Court is aware, the test for negligent entrustment of a vehicle under Virginia law is "whether the owner knew, or had reasonable cause to know that he was entrusting his car to an unfit driver likely to cause harm to others."  *Hack v. Nester*, 241 Va. 499, 404 S.E.2d 42, 43 (1990) (quoting *Denby v. Davis*, 212 Va. 836, 188 S.E.2d 226, 229 (1972).

In this case, plaintiff has alleged factually not only that Martinez had a terrible driving history known (or which should have been known) by Salinas Express from a review of his driving record, but also that Martinez was known prior to the accident to routinely operate tractor trailers in violation of the Federal Motor Carrier Safety Act ("FMCSA"). When coupled with Martinez's driving record, this should be sufficient to support a claim of

negligent entrustment against Salinas Express.  In fact, this Court has recognized the potential liability of interstate property brokers on similar facts.  See *Turner v. Syfan Logistics, Inc.,* 2016 U.S. Dist. LEXIS 51460. (W.D.  Va. 2016).

Should the Court believe additional facts are necessary to support this claim, discovery has now also revealed that Martinez previously worked for Salinas Express before the accident and that Salinas Express failed to disclose this or Martinez's logs including the logs for the trip during which the accident occurred, in violation of federal law.  This failure to preserve the logs likewise constitutes spoliation of evidence in this case.  Lester cannot rely upon the logs to illustrate Martinez's unfitness to drive on the date of the accident because of Salinas Express' actions.  Accordingly, Lester should be entitled to an inference that the information contained in the logs would have been damaging to Salinas Express' defense to this claim.

The Fourth Circuit has stated that "when a party either fails to preserve or destroys potential evidence in a foreseeable litigation, it can be deemed to have engaged in the "spoliation of evidence," and a trial court may use its inherent power to impose an appropriate sanction." *Silvestri v. General Motors Corp.,* 271 F.3d 583, 590 (4th Cir. 2001). The "judicial response to a spoliation of evidence should serve the twin purposes of 'leveling the evidentiary playing field and . . . sanctioning the improper conduct.'" *Vodusek v. Bayliner Marine Corp*., 71 F.3d 148, 156 (4th Cir. 1995). The duty to preserve evidence arises "not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri, supra* at 591. In this case from the evidence as outlined in Plaintiff's motion for partial

7

summary judgment, we know that Martinez had a log book on the day of the accident and that it was left in the SMC Tractor. We know that Roy Salinas, Salinas Express' employee, delivered the vehicle back to SMC. The defendants have failed to produce these federally required log books, clearly creating a disputed issue of fact for jury resolution. Judge Moon has recently held exactly this with regard to destruction of a video in a Title VII case, stating that "[t]he inability to view the video also produces the dispute of material fact." *Meade v. Turman Group Tye River, LLC,* CASE NO. 6:15-cv-00042.

### III.  THE AMENDED COMPLAINT SETS FORTH A VIABLE CAUSE OF ACTION FOR NEGLIGENT HIRING UNDER VIRGINIA LAW COMPELLING DISMISSAL OF SALINAS EXPRESS' MOTION

As this Court is aware, the tort of negligent hiring is well recognized under Virginia law. See, *J. V. Victory Tabernacle Baptist Church,* 236 Va. 206, 208, 372 S.E.2d 391 (1988). As explained by the Virginia Supreme Court, "[t]he test is whether the employer has negligently placed 'an unfit person in an employment situation involving an unreasonable risk of harm to others'". "*Simmons v. Baltimore Orioles, Inc.,* 712 F. Supp. 79, 81 (W.D. Va. 1989) (quoting *Victory Tabernacle,* 236 Va. at 211) (Williams, J.); *Anderson v. Wiggins,* 1997 U.S. Dist. LEXIS 11898 (W.D. Va. 1997). In the context of independent contractors, Virginia law likewise requires a showing of (1) physical harm to a third party, (2) caused by failure to exercise reasonable care to employ a competent and careful contractor, (3) to work which involves risk of physical harm unless it is skillfully and carefully done. *Turner v. Syfan Logistics, Inc.,* 2016 U.S. Dist. LEXIS 51460 (W.D. Va. 2016) (quoting *Phillip Morris, Inc. v. Emerson,* 235 Va. 380, 399, 368 S.E.2d 268 278 (1988). Even in this latter context, this Court and other district courts in this Circuit have recognized the viability of such claims on

8

facts far weaker than asserted in this action.  See e.g., *Jones v. C.H. Robinson Worldwide, Inc.* 558 R. Supp 2d 630, 642 (W.D. Va. 2008) (allowing a claim for negligent hiring of an independent contractor against a trucking logistics company to proceed past summary judgment based on data contained on the FMCSA's public website); *Schramm v. Foster*, 341 F. Supp. 2d 536 (D. Md. 2004) (permitting a claim for negligent hiring of an independent contractor trucking company to proceed to the jury); *Syfan Logistics, supra* (allowing a claim against a trucking broker for negligent hiring of an interstate carrier to proceed past defendant's motion to dismiss based on  the FMCSA website regarding early violations and poor ratings).

In this case, not only did Salinas Express have possession of Martinez driving history which contained sufficient violations as to be properly characterized as "terrible," but Salinas Express had actual experience with Martinez in which he routinely failed to adhere to the safety regulations promulgated by the FMCSA.  In *Jones, supra*, this Court recognized that "the operation of a tractor-trailer on a public highway [unless skillfully and carefully done] involves such a risk of physical harm."  558 F. Supp 2d at 642.  When coupled with Martinez actual and repeated failure to follow the safety regulations intended to govern professional truck drivers involved in interstate travel, clearly Salinas Express was negligent in employing him on the date of the accident.

Finally, as noted herein, Salinas Express' affirmative and flagrant acts to hide the fact of Martinez's driving history with the company prior to the accident should easily be sufficient to establish a negative inference as to what Martinez's earlier driving logs or other

information from an employment file would have revealed.  This conduct, likewise, supports

denying the pending motion.

## CONCLUSION

As demonstrated by the factual allegations in Plaintiff's Amended Complaint both

SMC and Salinas Express blurred the corporate lines between their companies and, likewise,

ignored corporate formalities concerning the employees they utilized in their businesses.

Further, they have flagrantly failed to preserve evidence despite the legal obligation to do so.

After the fact of this accident, they now seek to take advantage of their strategy and compel

dismissal of certain claims of Lester based on their own deceitful and careless practices.

Despite these obstacles, Lester has stated sufficient facts to proceed to jury consideration of

the causes of action addressed herein.  He accordingly respectfully urges the Court to deny

the pending Motion.

*Respectfully submitted,*

BRANDON LESTER


By:___s/MELISSA W. ROBINSON_____

Melissa W. Robinson (VSB #29065)
Victor S. ("Dinny") Skaff, III (VSB #40054)
Johneal M. White (VSB #74251)
*Counsel for Plaintiff*
GLENN ROBINSON & CATHEY, PLC
400 Salem Avenue, Suite 100
Roanoke, VA 24016
Phone: (540)767-2200
Fax: (540)767-2220
mrobinson@glennrob.com
vskaff@glennrob.com
jwhite@glennrob.com

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 12, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel P. Frankl, Esquire
Audra M. Dickens, Esquire
FRANKL MILLER & WEBB, LLP
1711 Grandin Road SW
Roanoke, VA  24015

Lawrence A. "Lex" Dunn, Esquire
Gibson Sinclair Wright, Esquire
Morris & Morris, P.C.
11 South 12th Street - Fifth Floor
Richmond, VA  23219

David W. Hearn, Esquire
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, VA  23219-1998

s/ MELISSA W. ROBINSON
OF COUNSEL

11