IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRANDON LESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 7:15-CV-00665-GEC |
| SMC TRANSPORT, LLC, | ) |
| ISRAEL MARTINEZ, JR., | ) |
| and | ) |
| SALINAS EXPRESS, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM SUPPORTING ISRAEL MARTINEZ'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Israel Martinez ("Martinez"), by counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, submits this Memorandum Supporting Partial Summary Judgment. Based on the evidence now in the record, Martinez requests that this Court grant his Motion for Summary Judgment (the "Motion") as to Brandon Lester's claim for punitive damages and enter judgment in his favor on Count II of the Plaintiff's First Amended Complaint.

**I.  STATEMENT OF UNDISPUTED FACTS**

This action stems from an October 26, 2015 automobile accident that occurred on a portion of Interstate 81 South located in Botetourt County, Virginia. Specifically, the accident occurred adjacent to a rest area at approximately mile marker 158.1. On the date of the accident, Martinez, Roy Salinas, Eduardo Lozano ("Lozano"), and Arturro Gutierrez ("Gutierrez") were in the process of retrieving a disabled tractor-trailer that was stranded in the rest area located near mile marker 158.1 of Interstate 81 southbound. The events related to the accident occurred early

1

in the morning while it was still dark. (Exhibit A, Mortensen Dep. 13:11-13, October 17, 2016; Exhibit B, Lester Dep. 112:11-13, April 11, 2016.).

When Martinez, Roy Salinas, Lozano, and Gutierrez arrived to retrieve the disabled tractor-trailer, they had to position the working tractor-trailer, which Martinez was operating at the time of the accident, in such a way that the operational tractor-trailer faced north. Martinez, Roy Salinas, Lozano, and Gutierrez attempted to position the operational truck facing south, but "couldn't because all the rest area, even the ramp, was full of trucks. It was super packed." (Exhibit C, Martinez Dep. 69:16-17, April 18, 2016; Exhibit D, Roy Salinas Dep. 45:21, April 19, 2016 ("it was very full.")). Martinez activated the headlights on both tractor trailers and also engaged the "flashers" on at least the vehicle he was operating. (Exhibit A, Mortensen Dep. 55:8-18.).

The Plaintiff has maintained throughout this litigation that Martinez pulled headlong across the highway, blocking both southbound lanes of travel. Lester's Amended Complaint asserts that Martinez was "blocking all lanes of traffic." (First Am. Compl. ¶ 18.). In his responses to discovery, Lester reiterated this allegation by answering, under oath, that he was unable avoid striking the combined Salinas and SMC vehicles because the trucks were "blocking the lanes on the interstate." (Exhibit E, Pl.'s Answer to Def. Martinez's Interrog. ## 12 & 20; Pl.'s Answer to Def. SMC Transport LLC's Interrog. # 4; Pl.'s Answer to Def. Salinas Express LLC's Interrog. ## 3 & 16.). During his deposition, Lester again asserted that Martinez pulled the tractor-trailers across Interstate 81 southbound creating "a roadblock," (Exhibit B, Lester Dep. 74:14.), explaining "[i]t was all the way across the road." (*Id.* at 71:14.). According to Lester, because the tractors barricaded the highway, he struck the middle portion of the SMC

tractor. (*Id.* at 76:1-12.). Based on this theory, the Plaintiff seeks both compensatory and punitive damages because he contends:

> Martinez was willfully and wantonly negligent in that he illegally operated his vehicle in an extremely dangerous and reckless manner when he knew that doing so would likely result in sever injury or death to others, including the plaintiff, by illegally turning his vehicle before sunrise out of an I-81 entrance ramp at a low rate of speed onto this major highway, thereby blocking the southbound lanes of travel.

First Am. Compl. ¶ 42

Despite that claim, however, no evidence demonstrates that Martinez pulled across the highway or that the vehicle he was driving ever blocked both southbound lanes of travel.

Lester correctly points out in his Brief in Support of Partial Summary Judgment Against SMC Transport, LLC and Salinas Express, LLC, that the facts "surrounding the accident in this case are not largely in dispute and can be briefly described through the testimony of the investigating trooper, Trooper Atkins." (Dkt. No. 71, p. 20.) Trooper Atkins conducted an investigation into the accident, examined the locations of the various impacts and concluded that Martinez's vehicle did not obstruct both southbound lanes of travel. (Exhibit F, Atkins Dep. 76:2-77:4, April 11, 2016.). Trooper Atkins, following his investigation, places the initial impact between Lester's vehicle and the tractor-trailer Martinez was operating within the right lane of travel. (*Id.*). Further, Trooper Atkins's accident report diagram shows Martinez's vehicle only blocking a portion of the right travel lane and none of the left travel lane. (*Id.*). The photographic evidence illustrating Lester's impact with the SMC tractor also belies the notion that Lester stuck the middle of the SMC tractor. (*See* Exhibit F, Atkins Dep pp. 155 (Dep. Ex. 3H) and 218 (Dep. Ex. 5.)).

3

In addition, the Plaintiff's own expert offers no evidence supporting Lester's assertion that Martinez positioned the tractor-trailers in a way that obstructed both southbound travel lanes. David McAllister, the Plaintiff's expert reconstructionist, concludes that "the first impact occurred near the center of the two southbound lanes of I-81, directly out from the paved gore area. The Martinez tractor pulling the second tractor was at a near 90 degree angle across the inside/right lane of I-81 **essentially blocking part of the highway for SB traffic."** (Exhibit G, McAllister Expert Report, p. 10)(emphasis added). When asked specifically if any evidence supported a finding that Martinez blocked both lanes of the roadway when the impact took place, McAllister acknowledged none existed and that Lester's recollection of the accident, as it informs this issue, is incorrect. (Exhibit H, McAllister's Dep. 171:10-18, October 10, 2016.).

## II. LEGAL STANDARDS AND ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

The applicable standards for analyzing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure are well established. The party seeking summary judgment bears the initial burden of showing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986). In determining whether the moving party has sustained its burden, the Court must consider whether, assessing the evidence in the light most favorable to the non-moving party, a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 248, 106 S.Ct. 2505, 2510 (1986). There is no genuine issue for trial "when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

4

The mere existence of a dispute over irrelevant or unnecessary facts does not preclude summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). A fact is "material" for purposes of a Rule 56 motion if the dispute determines the outcome of the case. *Id*. at 248. Inadmissible evidence fails to establish a genuine issue of material fact. *West Va. ex rel. McGraw ex rel. Bd. of Educ. v. Meadow Gold Dairies, Inc*., 875 F. Supp. 340 (W.D. Va. 1994). Thus, if the undisputed material facts show that a plaintiff cannot establish any of the elements necessary to prevail, or conversely, proves the elements necessary for the defendant to prevail, the defendant is entitled to summary judgment as a matter of law:

> [T]he plain language of Rule 56(c) mandates the entry of a summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning one element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, (1986).

### B. CHOICE OF LAW

Pursuant to 28 U.S.C. § 1332, a federal court has jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. The parties to this action are diverse citizens of Virginia and Texas, respectively, and the amount in controversy exceeds $75,000. This Court's jurisdiction is, therefore, based on diversity. In a diversity of citizenship case, a federal court must apply the conflict of law rules of the state in which it is sitting. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1022 (1941). The Virginia choice of law rule for tort claims, such as negligence, is *lex loci delicti* or "place of the wrong." *See e.g. Jones v. R.S. Jones and Associates, Inc*., 246 Va. 3, 5,

5

431 S.E.2d 33, 34 (1993). "The place of the wrong for purposes of the *lex loci delicti* rule is defined as the place where the last event necessary to make an actor liable for an alleged tort takes place." *Insteel Industries, Inc. v. Costanza Contracting Co., Inc*., 276 F. Supp. 2d 479, 486 (E.D. Va. 2003) (citing for authority *Quillen v. International Playtex, Inc*., 789 F.2d 1041, 1044 (4th Cir. 1986)). The dispute in the present action involves a negligence claim by the Plaintiff against the defendants wherein all events giving rise to the claim took place in Virginia. Accordingly, the substantive law of the Commonwealth of Virginia applies to this case.

### C. LESTER CANNOT RECOVER PUNITIVE DAMAGES AGAINST MARTINEZ

The Plaintiff is unable to recover Punitive damages because his pleaded and predicate basis for recovering punitive damages has no factual support, and the undisputed facts do not otherwise show that Martinez acted with a conscious disregard of the rights of others. Thus, the Plaintiff's claim for punitive damage fails as a matter of law.

"'Negligence which is so willful or wanton as to evince a conscious disregard of the rights of others, as well as malicious conduct, will support an award of punitive damages in a personal injury case.'" *Doe v. Isaacs*, 265 Va. 531, 535, 579 S.E.2d 174, 176 (2003) (quoting *Booth v. Robinson*, 236 Va. 269, 273, 374 S.E.2d 1, 3 (1988)). The Supreme Court of Virginia has defined "willful and wanton negligence" as an "action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Harris v. Harman*, 253 Va. 336, 340-41, 486 S.E.2d 99, 101 (1997). "But where the act or omission complained of is free from fraud, malice, oppression, or other special motives of aggravation, damages by way of punishment cannot be awarded, and compensatory damages only are permissible." *Baker*, 201 Va. at 909, 114 S.E.2d at 621.

6

Punitive damages "are something in addition to full compensation, and something not given as plaintiff's due." *Baker v. Marcus*, 201 Va. 905, 909, 114 S.E.2d 617, 620 (1960). Punitive damages should be assessed only in cases involving the most egregious conduct. *Simbeck, Inc. v. Dodd Sisk Whitlock Corp.*, 257 Va. 53, 508 S.E.2d 601, 606 (1999). Indeed, an "intentional violation of a traffic law, without more, will not support a finding of willful and wanton negligence." *Alfonso v. Robinson*, 257 Va. 540, 545, 514 S.E.2d 615, 618 (1999).

The Plaintiff's entire punitive damage claims rests on an objectively inaccurate version of the accident. Specifically, Lester ascribes punitive conduct to Martinez's purported conscious decision to maneuver the tractor-trailers across the highway, in the dark, blocking both lanes of travel on a heavily traveled interstate. Absolutely no evidence supports Lester's contention that Martinez maneuvered the tractor-trailers in a manner that created a complete obstruction of the highway. Instead, the objective evidence is inapposite: Martinez did not create a complete obstruction of the highway. Even Lester's own expert, David McAllister, acknowledges that Lester's version of a barricaded highway is simply wrong. All of the evidence demonstrates that Martinez's operation of the tractor-trailers impeded, at most, only a portion of the right lane of southbound Interstate 81. Accordingly, Lester's unsupported allegations do not create a "genuine" factual dispute or support a punitive award.

The remaining aspects of Lester's claim assert only that (1) Martinez was traveling against the flow of traffic "ignoring the traffic warning signs on the entrance ramp prohibiting traffic from exiting the rest stop via this roadway", First Am. Compl. ¶ 44, (2) while it was dark. These allegations may arguably create a justiciable facts factual dispute surrounding Martinez's negligence, or even gross negligence. They do not, however, rise to the level of egregious

7

conduct necessary to allow a jury to make a factual finding that Martinez acted with a conscious disregard of the rights of others.

The Supreme Court of Virginia highlighted that distinction by reversing the trial court's decision to allow a claim for punitive damages in a case in which the defendant consumed nearly a pitcher of beer just before driving, had two drunk driving convictions, operated a vehicle at night without a left headlight while suffering from night blindness and was driving on the wrong side of the road at the time of the collision. *See Hack v. Nester*, 241 Va. 499, 404 S.E.2d 42 (1991). Similarly, in *Puent v. Dickens*, 245 Va. 217, 427 S.E.2d 340 (1993), the Supreme Court of Virginia concluded that evidence an intoxicated driver was speeding, with no indication the defendant attempted to apply his brakes before impact, was not sufficient, factually, to support punitive damages because "th[o]se combined factors are insufficient to justify a finding of the wanton negligence necessary for an award of punitive damages."

Lester's remaining allegations—even if accepted as true—do not evince to the required level of recklessness framed by *Hack* or *Puent*. Lester's evidence may show that Martinez committed a knowing violation of a traffic law, but that alone cannot sustain a claim for punitive damages, even during the early morning hours. The uncontested facts show that while attempting his maneuver, Martinez had illuminated headlights on both tractor-trailers and also activated the flashers on at least the vehicle he was operating. No evidence in the record demonstrates that Martinez acted with fraud, malice, oppression, or other special motives of aggravation required to support an award of punitive damages. Simply put, Lester's only factually support contention that Martinez disregarded a traffic sign by making an improper turn onto the highway in the dark is insufficient to support the imposition of punitive damages as a matter of law. *See Alfonso v. Robinson*, 257 Va. 540, 545, 514 S.E.2d 615, 618 (1999).

8

### III. CONCLUSION

For the reasons stated, Defendant Israel Martinez, Jr. respectfully requests that the Court find that the Plaintiff has failed to articulate a justiciable basis upon which punitive damages are recoverable and enter judgment in his favor on Count II of the Plaintiff's First Amended Complaint.

ISRAEL MARTINEZ, JR.

/s/ David W. Hearn
David W. Hearn (VSB. No. 37347)
David C. Tait (VSB No. 82710)
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, VA  23219-1998
DHearn@sandsanderson.com
DTait@sandsanderson.com
804-648-1636 – phone
804-783-7291 – fax

### Certificate of Service

I hereby certify that on this 2nd day of November, 2016, I filed the foregoing Memorandum Supporting Israel Martinez's Motion for Partial Summary Judgment electronically with the Clerk of Court using the CM/ECF system.

/s/ David W. Hearn
David W. Hearn