IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRANDON LESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 7:15cv665 |
| SMC TRANSPORT, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ISRAEL MARTINEZ, JR., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SALINAS EXPRESS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S ANSWERS TO DEFENDANT ISRAEL MARTINEZ, JR.'S
### FIRST SET OF INTERROGATORIES

NOW COMES the plaintiff, Brandon Lester, by counsel, to respond to Defendant

Israel Martinez, Jr.'s First Interrogatories as follows:

### INTERROGATORIES

1.      Please state your full name, social security number, date of birth and current

address.

ANSWER:      Brandon Clark Lester
            DOB: Confidential
            SSN: Plaintiff declines to provide his SSN on advice of counsel.
            Address: Confidential

2. Identify and describe each and every bodily injury that you claim to have sustained in the accident or incident sued upon, including an exact anatomical description of each body part and a full and complete description of all mental or emotional injuries.

**ANSWER**: Objection to the extent that the plaintiff is not a medical doctor and is not qualified to describe each and every bodily injury that he sustained in the accident sued upon. Without waiving this objection, my injuries are described fully in my medical records previously produced. I have been told by my physicians that I had a wedge compression vertebral body T12 fracture, and nondisplaced fractures at T2 and T3. On December 5, 2015, I had surgery described as a pedicle screw fixation T11-12, L1-L2 - postrolateral arthrodesis T11-T12, T12-L1, L1-L2. I also had a sprain to my ankle, multiple bruises, and confusion which was diagnosed as a concussion after the accident.

3. Identify any and all present complaints of injury, as well as permanent and residual effects, which you attribute to the accident sued on and the effect, if any, each has on your performing your usual affairs, both employment and personal.

**ANSWER**: Objection to the extent that the plaintiff is not a medical doctor and is not qualified to identify any and all present complaints of injury, or permanent and residual effects. At the current time, I continue to have back pain. I had surgery on December 5, 2015 to fuse the vertebra in my spine. I have continued to wear a back brace since the date of the accident and have not been released by Dr. Howes, Carilion Neurosurgery, to return to my prior employment. During a recent visit to Dr. Howes, he told me that the current pain on the side of my back was caused by the healing of the muscles and pertained to the surgery on my back. He has ordered that I undergo four injections in my back over the next year which I cannot afford as they are not covered by Virginia Premiere.

4. Please set out an itemized statement of all expenses, financial losses, and/or damages that you claim to have sustained and expect to prove at the trial of this action as damages caused by the Defendant, and for each expense, financial loss or damage, please identify and describe the source, amount, explanation and calculation of the amount.

**ANSWER**: Please see the attached summary of the losses that I have suffered as a result of this accident to-date, attached hereto as **Exhibit A**. Documentation regarding these losses has previously been produced. This answer will be supplemented.

5.   Identify all employers for the ten (10) year period immediately prior to your receipt of these interrogatories giving the inclusive dates of employment with each such employer. Also, if you claim as a part of your itemized list of losses in interrogatory number 4 any lost wages, profits, commissions or other income of any kind as a result of this accident, state the facts concerning:

a.   The full details of the method of computation of such loss, including the source of all such claimed income designated by employer name and address, job title or classification, type of employment, rate of compensation or salary;

b.   Each specific date on which you were unable to engage in your employment or occupation because of incapacity resulting from such injuries, specifying the hours lost if less than a complete day and specifying the reason that you were so incapacitated;

c.   Each specific date on which you were unable to engage in your employment because of the necessity to seek medical attention, specifying the hours lost if less than a complete day; and

d.   The amount of gross income and net income that you reported to the Federal Government for tax purposes for five (5) years preceding the current year, and the amount of your gross income and net income from January 1 of this year until your receipt of these interrogatories.

**ANSWER**:   I have held numerous jobs, which I do not recall, through People Link in Buena Vista, Virginia. I was employed with Mohawk Industries, 404 Anderson Street, Glasgow, Virginia twice. I believe I was employed there in 2012 and I worked at Mohawk for approximately 8 months until July 2015 through People Link in Buena Vista, Virginia. I went to work for Alleghany Construction as a laborer, 2830 Nicholas Ave NE, Roanoke, Virginia in August 2015 and worked there until the date of the accident on October 26, 2015. My rate of pay at Alleghany Construction was $12.00/hour. My wage loss to-date was calculated by my attorney who obtained the hours that I lost from work following the accident from my employer, based on the hours I would have worked at the job site that I was assigned to and my hourly rate of $12.00/hour and overtime hourly rate of $18.00/hour (or time and a half). I have

not been able to return to work since October 26, 2015. I filed tax returns for 2014 and 2015. Copies of my returns have been requested and will be produced once they have been received.

6.    Identify the names and addresses of any and all hospitals where you have been confined or treated for any purpose whatsoever within the last ten (10) years before the date of your answers to these interrogatories, specifying in each case the year, the nature of the treatment or other service, as well as the condition, injury or the reason for same.

**ANSWER:**    Objection to the extent that this interrogatory seeks information that is not relevant to this matter and is unlikely to lead to the discovery of information that is relevant and it is a request for information that is a violation of the plaintiff's right to privacy. Further objection is made as the requested information is overbroad and unduly burdensome. The plaintiff has a pre-existing mental health condition he has treated for that has no relevance to this case and which he has chosen to have excluded from the course of this litigation. Without waiving these objections, with regard to the underline medical treatment that I have received, I believe I have treated at:

Carilion Roanoke Memorial Hospital
1906 Belleview Avenue, SE
Roanoke, Virginia

When I was 19, I was in an accident when I slid around a curve when it was raining and my windshield was broken. I was advised to seek care to be sure I didn't have any injuries. I was checked out and released from Carilion Roanoke Memorial Hospital emergency department. I did not have any ongoing injuries from the accident.

I was treated at Carilion Roanoke Memorial Hospital emergency room for a hernia in October 2015. I do not recall the exact date.

I treated at the following facilities for injuries I sustained in the accident on October 26, 2015:

Carilion Roanoke Community Hospital – Rehab Unit
101 Elm Avenue, S.E.
Roanoke, Virginia

Carilion Stonewall Jackson Memorial Hospital
1 Health Circle
Lexington, Virginia

Carilion Roanoke Memorial Hospital
1906 Belleview Avenue, SE

Roanoke, Virginia

**PRIVILEGE LOG**: Plaintiff has been treated by various mental health providers, the records of which are subject to a privilege which has not been waived.

7.    Identify the names and addresses of all doctors, physicians, osteopaths, or medical practitioners who have seen you for any purpose whatsoever during the last ten (10) years before the date of your answers to these interrogatories, specifying in each case the year, the nature of the treatment or other service, as well as the condition, injury or other reason for same.

**ANSWER**:    Objection to the extent that this interrogatory seeks information that is not relevant to this matter and is unlikely to lead to the discovery of information that is relevant and it is a request for information that is a violation of the plaintiff's right to privacy. Further objection is made as the requested information is overbroad and unduly burdensome. The plaintiff has a pre-existing mental health condition he has treated for that has no relevance to this case and which he has chosen to have excluded from the course of this litigation. Without waiving these objections, with regard to the <u>medical</u> treatment that I have received other than those listed in the interrogatory 6, I believe I have treated at:

Carilion Family, 18080 Main Street, Buchanan, Virginia for my primary care physician prior to the accident. My current primary care facility is Carilion Family, 150 Market Ridge Lane, Daleville, Virginia.

I have treated at the following for injuries sustained in the accident on October 26, 2015:

Carilion Clinic – Neurosurgery
3 Riverside
Roanoke, Virginia

Carilion Clinic – Diagnostic Imaging
3 Riverside
Roanoke, Virginia

Virginia Prosthetics
Roanoke, Virginia

Advanced Homecare
Salem, Virginia

**PRIVILEGE LOG**: Plaintiff has been treated by various mental health providers, the records of which are subject to a privilege which has not been waived.

      8.     Identify and describe all bodily, mental or emotional injuries, medical conditions, bodily pain, discomfort, complaint or dysfunction which you have experienced at any time prior or subsequent to the date of the accident set forth in the Complaint, and include in your answer the time, place and nature of the occurrence, a complete description of the condition in question, the duration of each condition, the names and addresses of doctors and/or hospitals who examined or treated you for each condition, the dates of all examinations or treatment for each condition, and the identity of any persons or entities upon whom you asserted a monetary claim by reason of such condition or injury, if any, the current name and address of any such persons or entities, the name of their insurer or any other insurer alleged to be responsible, the name of any attorney representing you for such claim and the court in which any such claim was filed, if any.

      **ANSWER**:    Objection to the extent that this interrogatory seeks information that is not relevant to this matter and is unlikely to lead to the discovery of information that is relevant and it is a request for information that is a violation of the plaintiff's right to privacy. Further objection is made as the requested information is overbroad and unduly burdensome. The plaintiff has a pre-existing mental health condition he has treated for that has no relevance to this case and which he has chosen to have excluded from the course of this litigation. Without waiving these objections, see answers to Interrogatories 6 and 7. Plaintiff has not asserted any monetary claims for injury or condition prior to this incident.

**PRIVILEGE LOG**: Plaintiff has been treated by various mental health providers, the records of which are subject to a privilege which has not been waived.

      9.     Identify by name, address and telephone number all persons who were present at or near the scene of, or who were eyewitnesses to all or part of, your accident or the incident upon which you base responsibility or liability by the Defendant, and all other persons who witnessed the alleged injury or to whom you reported the alleged accident and/or injury. An

objection to any witness who has not been identified will be raised at trial. Include in your response a summary of the known factual knowledge of each witness.

        **ANSWER**: Objection is made to this interrogatory to the extent that it is a request for information that is protected by attorney work product. Without waiving this objection and reserving the right to supplement this answer, the plaintiff identifies the following persons who may have knowledge of the accident and the plaintiff's injuries resulting from the accident on October 26, 2015:

    (a)    Botetourt County Rescue Workers and EMTs who came to the scene of the accident;

    (b)    Trooper Michael Atkins with the Virginia State Police who came to the accident scene and investigated the accident;

    (c)    Defendant Israel Martinez, Jr.
Confidential ▮ ▮
▮▮▮▮▮▮▮;

    (d)    Roy Salinas;

    (e)    Anthony Ray Shifflett
Confidential ▮▮
▮▮▮▮▮▮

    (f)    Karen Bingaman
Confidential ▮▮
▮▮▮▮

        Ms. Bingaman gave an oral and written statement to Trooper Atkins at the accident scene, which is already in the possession of the defendant. She is expected to testify regarding the statements she gave to Trooper Atkins and regarding any further factual information that she may have with regard to the accidents on October 26, 2015.

    (g)    Debara Day Brown
Confidential ▮▮▮
▮▮▮▮▮▮▮
▮▮▮

        Ms. Brown gave an oral and written statement to Trooper Atkins at the accident scene, which is already in the possession of the defendant. She is expected to testify regarding the statements she gave to Trooper Atkins and regarding any further factual information that she may have with regard to the accidents on October 26, 2015.

(h)     Christine Zampini
Confidential ███████████

Ms. Zampini gave an oral and written statement to Trooper Atkins at the accident scene, which is already in the possession of the defendant. She is expected to testify regarding the statements she gave to Trooper Atkins and regarding any further factual information that she may have with regard to the accidents on October 26, 2015.

(i)     Christie Burdette Mortensen



Ms. Mortensen gave an oral and written statement to Trooper Atkins at the accident scene, which is already in the possession of the defendant. She is expected to testify regarding the statements she gave to the Trooper Atkins and regarding any further factual information that she may have with regard to the accidents on October 26, 2015.

(j)     Wendy Montgomery



Ms. Montgomery was the VDOT Rest Area Attendant on duty on the date of the accident. She is expected to testify regarding statements she provided to Trooper Atkins and the accident report and photographs that she prepared at the accident scene for the Virginia Department of Transportation. Further, she may be expected to testify to additional factual information that she may have with regard to the accidents on October 26, 2015.

(k)     Patrick Stump
Confidential ███████████

Mr. Stump is a co-worker of the plaintiff at Alleghany Construction. On the morning of the accident, he received a call from their supervisor at Alleghany Construction telling him that the plaintiff had called to report that he had been in an accident. He requested that Mr. Stump, who was traveling in the same direction as the plaintiff, find out if the plaintiff was okay. Mr. Stump stopped at the accident site and was told that the plaintiff had been transported to the

hospital. He went to Roanoke Memorial Hospital to find out the status of the plaintiff's condition. Mr. Stump, who is also a firefighter, is expected to testify that the plaintiff told him that he had hit a truck across the road but did not recall the events surrounding the second accident. He is expected to testify that although the plaintiff was coherent, he appeared to be in shock.

(l)     Eddie Snuffer, Supervisor



Mr. Snuffer is the plaintiff's supervisor at Alleghany Construction. Mr. Snuffer is expected to testify that on the morning of the accident he received a call from the plaintiff stating that he had been in an accident, having hit a truck that was across the road on I-81 and the he didn't see it until he was already upon it. The plaintiff told him that he could not get his truck door open and then the telephone call was dropped. He is expected to testify further that he received a second call from the plaintiff a few minutes later and that the plaintiff related that he had been hit, that the plaintiff sounded panicked and he believed the plaintiff told him that his legs had been run over by a tractor trailer. Mr. Snuffer placed a call to 911 and contacted Mr. Stump to check on the plaintiff.

In addition to the above named individuals, the plaintiff names any and all VDOT personnel, rescue personnel, Virginia State Police Troopers, tow and clean up services that came to the scene. In addition, the plaintiff understands that there were numerous other truck drivers who were present at the time of the accident and attempted to assist with traffic on I-81 and who may have seen or witnessed the accidents or have information with regard to the accident. The plaintiff's medical providers also have knowledge of the events giving rise to this suit. Discovery is ongoing and if further information becomes available, this answer will be supplemented.

Further, others who have knowledge would include the insurance adjusters and the attorneys who are involved in the investigation of this matter.

10.     Identify any expert whom you expect to call as a witness at the trial of this case and state the following:

a.     the subject matter on which the expert is expected to testify;

b.     the substance of the facts and opinions to which the expert is expected to testify;

and

c.     a summary of the grounds for each opinion held.

If you allege a permanent injury, state the facts and opinions supporting each and every opinion regarding permanency and the sum and substance of each such opinion.

**ANSWER:** Objection is made to the untimeliness of this request for expert witness information as discovery is still ongoing in this case. Without waiving these objections, plaintiff's counsel has not determined experts who are expected to testify at the trial in this case but agrees to exchange expert witness information with Defendant's counsel per the scheduling order entered in this case. Plaintiff's counsel anticipates calling any or all of the plaintiff's medical providers who have treated him for the injuries he incurred as a result of the accident that occurred on October 26, 2015, including, but not limited to, Dr. Gregory Howes.

11. Identify by full name and address all persons who have any knowledge of the damages set out in your answer to interrogatory number 3, and for each person, please describe the substance of the knowledge of each.

**ANSWER:** My medical providers have knowledge of the injuries and medical bills that have been incurred as a result of the accident. All persons named in response to interrogatory 9 also have knowledge of my damages. The employees at Hugh's Body Shop in Daleville, Virginia, where my vehicle was towed following the accident, have knowledge of the damages to my vehicle and its contents and the charges for the towing and storage of my vehicle. My employer at Alleghany Construction has knowledge of my wage loss information.

12. Please state, in detail, all facts that support the claim asserted in your Complaint that the Defendant is responsible or liable to you for damages.

**ANSWER:** Objection is made to this Interrogatory as it is a request for plaintiff's counsel's trial strategy and information protected by the attorney work product doctrine. Without waiving these objections, the facts supporting a claim against the defendant have been set forth in the Complaint. Further, the Virginia State Police investigation file, including the accident report, the defendant's statements to Trooper Atkins, the photographs, the witness statements, and the disposition of the charges against Mr. Martinez support the plaintiff's claims asserted in the Complaint. In short, Defendant Martinez failed to obey a highway sign by exiting the entrance of the rest area. I was driving in the right lane on I-81 South and saw a truck ahead of me blocking the lanes on I-81. I slowed to approximately 30 mph but was unable to avoid the collision with Defendant Martinez. Discovery is ongoing and further facts uncovered in discovery are also expected to support the claims asserted in the Complaint.

13.     Identify each person who has given or made a statement concerning the incident alleged in your Complaint, and for each such statement, state the date that the statement was made or given, the identity of the person to whom the statement was made or given, the content of the statement and whether the statement was recorded, transcribed or signed by the person making or giving the statement. In your answer, identify any and all conversations between you and the Defendant or any of its employees, agents, or representatives.

**ANSWER**:     This Interrogatory is objected to as it seeks information protected by attorney-client privilege and the attorney work product doctrine. Without waiving these objections, there were witness statements in the accident investigation file, including the video-taped statement the defendant made to Trooper Atkins, which the defendant should already have in his possession, and there is a transcript of the proceedings against Israel Martinez, Jr., with regard to the charges that were brought against him as result of the accident that include Trooper Atkins' statements of the details of his investigation of the accident. Plaintiff has no knowledge of any conversations with the Defendant, its employees, agents, or representatives. Discovery into this matter is ongoing and this answer will be supplemented at an appropriate time prior to the trial.

14.     In the twenty-four (24) hour period preceding the accident, did you take any drugs or medication, or drink anything of an alcoholic nature, and, if so, state the date, type, quantity, location and times of each consumption and identify all witnesses thereto.

**ANSWER**:     I took Lithium which is prescribed to me.

15.     Have you ever been convicted of a felony or misdemeanor involving moral turpitude? If so, state the date of every conviction, as well as the court, city and state of each such conviction.

**ANSWER**:     None.

16.    If it is your claim that a previous injury, disease or condition has been aggravated or accelerated as a result of the accident, state in detail the facts about its nature and the extent to which it has been so aggravated and/or accelerated.

**ANSWER**:    The plaintiff is not making any such claim.

17.    Identify by nature, location, date and injuries any and all accidents that you have experienced in the last twenty (20) years.

**ANSWER**:    In May 2015, I was driving home after working an 11-hour shift at Mohawk when I fell asleep while driving and ran off the road hitting a tree. I did not have any injuries and did not seek medical attention. When I was 19, soon after I got my license, I swerved going around a curve in the road in rainy wet conditions and hit another vehicle. I did not sustain any injury from that incident but did go to the emergency room at Roanoke Memorial Hospital to be checked on the advice of the EMS personnel. In October 2015, I was seen for a hernia at Roanoke Memorial Hospital.

18.    Do you wear glasses, contacts or other corrective lenses? If so, state the facts concerning the type of glasses, the prescriber, where the glasses were obtained and the nature of your eyesight problem.

**ANSWER**:    No.

19.    Have you ever been involved in a lawsuit other than this one? If so, identify the case style of that action, the parties, the court in which it was filed, the attorneys involved and the disposition of that lawsuit, including the date of dismissal and the amount of any settlement or judgment.

**ANSWER**:    I have a Judgment against me for $7,600.00 in Bedford County General District Court for monies I owe due to a loan. There are no other suits that I have been involved in.

20. Describe your version of the alleged accident and how you allege the injury occurred.

**ANSWER:** I was driving in the right lane on I-81 South and saw a truck ahead of me blocking the lanes on I-81. This is at the rest area at approximately mile marker 158 in Troutville. I was able to slow to approximately 30 miles per hour but was not able to stop in time or to go around the defendant's trucks as they were blocking the lanes on the interstate. After the accident, my vehicle was disabled and I was unable to open my car door. The windshield had spider web breaks on it. I saw grass in front of me so thought that my vehicle was out of the road. I called my supervisor at Alleghany Construction to let him know that I had been in an accident on I-81. Then I observed a second vehicle coming up the road toward me and braced and tried to get out of my vehicle prior to him hitting me. I do not recall events after that except that I was lying on the ground and a lady was holding my hand and encouraging me to keep talking to her. I remember thinking that I thought my legs had been run over as I felt pain in my legs. It was still dark out, about 5:30 a.m. and the road conditions were wet as it had been raining.

These Interrogatories and Requests for Production of Documents shall be deemed continuing.

BRANDON LESTER

By: _____
Melissa W. Robinson (VSB No. 29065)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
Johneal M. White (VSB No. 74251)
*Attorneys for Plaintiff*
GLENN ROBINSON & CATHEY, PLC
400 Salem Avenue, Suite 100
Roanoke, VA 24016
PH: (540)767-2200
FAX: (540)767-2220
mrobinson@glennrob.com
vskaff@glennrob.com
jwhite@glennrob.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. first class mail this _____ day of _____, 2016 to the following:

David W. Hearn, Esquire
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, VA 23219-1998
*Counsel for Defendant Israel Martinez, Jr.*

Daniel P. Frankl, Esquire
FRANKL MILLER & WEBB, LLP
1711 Grandin Road
P.O. Box 4126
Roanoke, VA 24015
*Counsel for Defendant Salinas Express, LLC*

Lawrence A. "Lex" Dunn, Esquire
Morris & Morris, P.C.
11 South 12th Street, 5th Floor
Richmond, VA 23219
*Counsel for Defendant SMC Transport, LLC*

_____
OF COUNSEL

BRANDON LESTER
TOTAL SPECIALS TO-DATE

| DESCRIPTION | AMOUNT |
|---|---|
| Medical Specials | 205,034.31 |
| Personal Property | 3,934.00 |
| Wage Loss to 02/16 | 8,007.00 |
| Tow/Storage | 2,150.00 |
| | |
| Total to-date | 219,125.31 |

SIGNATURE PAGE

I hereby affirm that the foregoing Answers to Interrogatories to be true and complete to the best of my information, knowledge and belief.

BRANDON C. LESTER

_[signature]_

COMMONWEALTH OF VIRGINIA, AT LARGE

CITY/~~COUNTY~~ OF _Roanoke_, to-wit:

Subscribed and sworn to before me this the _18th_ day of _March_, 2016.

_[signature]_
Notary Public

My Commission Expires: _01-31-2019_

_[Notary seal: GWENDOLYN SUE JOHNSON, NOTARY PUBLIC, REG. #7125342, MY COMMISSION EXPIRES 01-31-2019, COMMONWEALTH OF VIRGINIA]_

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BRANDON LESTER,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )    Civil action No. 7:15-cv-00665
                                         )
SMC TRANSPORT, LLC.                      )
                                         )
and                                      )
                                         )
ISRAEL MARTINEZ, JR.,                    )
                                         )
and                                      )
                                         )
SALINAS EXPRESS, LLC,                    )
                                         )
                    Defendants.          )

## PLAINTIFF'S ANSWERS TO SMC TRANSPORT, LLC'S
## FIRST SET OF INTERROGATORIES

NOW COMES the plaintiff, Brandon Lester, by counsel, and responds to Defendant SMC Transport, LLC's, first interrogatories as follows:

## INTERROGATORIES

1.    State your full name and any past aliases or maiden names, your current residence address and your residence address as of the date of this incident, if different; your date and place of birth, social security number, height, weight, and marital status, including the name of your spouse; the names and ages of all of your dependents.

**ANSWER:**    Brandon Clark Lester, I have never had any other name.
DOB: <span style="background:red;color:white">Confidential</span> ▮▮▮▮
At the time of the accident, I lived at <span style="background:red;color:white">Confidential</span> ▮▮▮▮ ▮▮▮▮▮▮▮
My current address is ▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮

Current Height: 6'3"  Current Weight: 180
Unmarried
Decline to provide SSN on advice of counsel.  Last four digits are ██████.

2.       Please set forth all employment that you have had over the last five (5) years, including the names of the businesses or firms, their addresses, your job description, dates of employment, and rates of pay for each particular job.

**ANSWER**:   I was employed with Mohawk Industries, 404 Anderson Street, Glasgow, Virginia twice.  I believe I was employed there in 2012 and I worked at Mohawk for approximately 8 months until July 2015 through People Link in Buena Vista, Virginia.  I went to work for Alleghany Construction as a laborer, 2830 Nicholas Ave NE, Roanoke, Virginia in August 2015 and worked there until the date of the accident on October 26, 2015.  My rate of pay at Alleghany Construction was $12.00/hour.

3.       State whether or not you have ever been convicted of one or more felonies and/or misdemeanors involving moral turpitude and, if so, give details as to each such conviction, stating the nature of the crime or crimes of which you were convicted, the date or dates of such conviction or convictions, and the name and address of each court in which you were so convicted.

**ANSWER**:    None.

4.       State in detail your observation as to how the occurrence giving rise to this litigation occurred and what caused the occurrence, including when and where the alleged incident occurred.

**ANSWER**:    I was driving in the right lane on I-81 South and saw a truck ahead of me blocking the lanes on I-81.  This is at the rest area at approximately mile marker 160.  I was able to slow to approximately 30 miles per hour but was not able to stop in time or to go around the truck as it was blocking the lanes on the interstate.  After the accident, my vehicle was disabled and I was unable to open my car door.  The windshield had spider web breaks on it.  I saw grass in front of me so thought that my vehicle was out of the road.  I called my supervisor at

2

Alleghany Construction to let him know that I had been in an accident on I-81. Then I observed a second vehicle coming up the road behind me and braced and tried to get out of my vehicle prior to him hitting me. I do not recall events after that except that I was lying on the ground and a lady was holding my hand and encouraging me to keep talking to her. I remember thinking that I thought my legs had been run over as I felt pain in my legs. It was still dark out, about 5:30 a.m. and the road conditions were wet as it had been raining.

5.    State whether you had consumed any alcoholic beverage or used or consumed any type of drug, medication, pill, sedative, tranquilizer, or controlled substance within forty-eight (48) hours prior to the occurrence giving rise to this litigation. If the answer is "yes," give details as to the type, amount, and time and place of such uses or consumptions, and identify all persons prescribing the use of said items.

ANSWER:    I took Lithium which was prescribed to me.

6.    Identify all expert witnesses, including medical witnesses, whom you intend to have testify at trial, stating the subject matter on which each expert will testify, the substance of the facts and opinions to which each expert will testify, and a summary of the grounds for each expert's opinion. **IF THIS QUESTION IS ANSWERED BY THE ATTACHMENT OF MEDICAL REPORTS OR MEDICAL BILLS OF ANY KIND, YOU ARE ASKED TO LIST EACH SUCH REPORT BY SOURCE AND DATE SO THAT THERE WILL BE NO MISUNDERSTANDING AS TO WHAT REPORTS ARE ATTACHED OR BEING RELIED UPON.**

ANSWER:    Objection is made to the untimeliness of this request for expert witness information as discovery is still ongoing in this case. Without waiving these objections, plaintiff's counsel has not determined experts who are expected to testify at the trial in this case but agrees to exchange expert witness information with Defendant's counsel per the scheduling order entered in this case. Plaintiff's counsel will probably call any or all of the plaintiff's medical providers who have treated him for injuries he incurred as a result of the accidents that occurred on October 26, 2015, including, but not limited to, Dr. Gregory Howes

3

7.     Identify any and all of your health insurer(s), disability insurer(s), and/or state or federal programs and/or agencies with whom you have had health and/or disability coverage and/or from whom you have received health and/or disability benefits for the ten (10) year period immediately preceding the date that you answer these Interrogatories, stating the group name and individual subscriber name and number, where appropriate.

**ANSWER:**     My health insurer is Virginia Premiere.

8.     Identify all health care providers you have consulted, and/or who examined you, including, but not limited to independent medical exams or defense medical exams, for the past fifteen (15) years, and for each health care provider identified state the date of your visit and identify each medical condition for which you sought or received medical attention services, and identify all medications prescribed by each health care provider for each such medical condition.   For purposes of these interrogatories, the definition of "health care provider" at §8.01-581.1 of the Code of Virginia, 1950, as amended, is adopted and incorporated by reference.

**ANSWER:**     Objection to the extent that this interrogatory seeks information that is not relevant to this matter and is unlikely to lead to the discovery of information that is relevant and it is a request for information that is a violation of the plaintiff's right to privacy.   Further objection is made as the requested information is overbroad and unduly burdensome.   The plaintiff has a pre-existing mental health condition he has treated for that has no relevance to this case and which he has chosen to have excluded from the course of this litigation.   Without waiving these objections, with regard to the <u>medical</u> treatment that I have received, I believe I have treated at:

Carilion Roanoke Memorial Hospital
1906 Belleview Avenue, SE
Roanoke, Virginia

When I was 19, I was in an accident when I slid around a curve when it was raining and my windshield was broken.   I was advised to seek care to be sure I didn't have any

4

injuries. I was checked out and released from Carilion Roanoke Memorial Hospital emergency department. I did not have any ongoing injuries from the accident.

I was treated at Carilion Roanoke Memorial Hospital emergency room for a hernia in October 2015. I do not recall the exact date.

Carilion Family, 18080 Main Street, Buchanan, Virginia was my primary care physician prior to the accident. My current primary care facility is Carilion Family, 150 Market Ridge Lane, Daleville, Virginia.

Carilion Roanoke Community Hospital – Rehab Unit
101 Elm Avenue, S.E.
Roanoke, Virginia

Carilion Stonewall Jackson Memorial Hospital
1 Health Circle
Lexington, Virginia

Carilion Roanoke Memorial Hospital
Roanoke, Virginia

Carilion Clinic – Neurosurgery
3 Riverside
Roanoke, Virginia

Carilion Clinic – Diagnostic Imaging
3 Riverside
Roanoke, Virginia

Virginia Prosthetics
Roanoke, Virginia

Advanced Homecare
Salem, Virginia

I have treated at the above facilities for injuries I sustained in the accident on October 26, 2015.

**PRIVILEGE LOG**: Plaintiff has been treated by various mental health providers, the records of which are subject to a privilege which has not been waived.

9.     State the nature, extent, symptoms, and complaints of injuries claimed by you

5

to have been sustained as a result of this occurrence giving rise to this litigation and as reflected by the history, examination, diagnosis, treatment, and prognosis of all persons who have treated and/or examined you or have been consulted by you or in your behalf. If it is claimed that any of said injuries are permanent, set forth in detail the nature and extent of such permanency, any disability claimed to result therefrom, and the name or names of the persons making such prognosis. IF THIS QUESTION IS ANSWERED BY THE ATTACHMENT OF MEDICAL REPORTS OR MEDICAL BILLS OF ANY KIND, YOU ARE ASKED TO LIST EACH SUCH REPORT BY SOURCE AND DATE SO THAT THERE WILL BE NO MISUNDERSTANDING AS TO WHAT REPORTS ARE ATTACHED OR BEING RELIED UPON.

**ANSWER**:     Objection to the extent that the plaintiff is not a medical doctor and is not qualified to describe each and every bodily injury that he sustained in the accident sued upon. Without waiving this objection, my injuries are described fully in my medical records attached. I have been told by my physicians that I had a wedge compression vertebral body T12 fracture, and nondisplaced fractures at T2 and T3. On December 5, 2015, I had surgery described as a pedicle screw fixation T11-12, L1-L2 - postrolateral arthrodesis T11-T12, T12-L1, L1-L2. I also had a sprain to my ankle, multiple bruises, and confusion which was diagnosed as a concussion after the accident. I have been wearing a back brace since the accident and have been restricted from performing my job duties and normal activities of daily living. Prior to the surgery on my back, I was in constant pain. I still have back pain and am still treating for my injuries.

See my answers to the foregoing interrogatories for facilities that I have treated at for injuries that I sustained in the accidents on October 26, 2015.

10.     State what physical or mental complaints, symptoms, injuries or disabilities you claim to suffer at the present time as a result of the occurrence giving rise to this litigation. IF THIS QUESTION IS ANSWERED BY THE ATTACHMENT OF MEDICAL REPORTS OR MEDICAL BILLS OF ANY KIND, YOU ARE ASKED TO LIST EACH

6

SUCH REPORT BY SOURCE AND DATE SO THAT THERE WILL BE NO MISUNDERSTANDING AS TO WHAT REPORTS ARE ATTACHED OR BEING RELIED UPON.

**ANSWER:** At the current time, I continue to have back pain. I had surgery on December 5, 2015 to fuse the vertebra in my spine. I have continued to wear a back brace since the date of the accident and have not been released by Dr. Howes, Carilion Neurosurgery to return to my prior employment.

11. Identify all persons who have examined and/or treated you or who have been consulted with, concerning the nature and extent of the injuries which you claim to have sustained in the occurrence giving rise to this litigation, giving the dates of each examination, treatment, and/ or consultation. **IF THIS QUESTION IS ANSWERED BY THE ATTACHMENT OF MEDICAL REPORTS OR MEDICAL BILLS OF ANY KIND, YOU ARE ASKED TO LIST EACH SUCH REPORT BY SOURCE AND DATE SO THAT THERE WILL BE NO MISUNDERSTANDING AS TO WHAT REPORTS ARE ATTACHED OR BEING RELIED UPON.**

**ANSWER:** Please refer to the medical records attached from Carilion Roanoke Memorial Hospital, including the trauma and emergency department record for October 26, 2015, the inpatient records for October 26, 2015 through November 4, 2015, the Carilion Roanoke Community Rehab Records from November 4, 2015 until November 10, 2015, the inpatient records for November 28, 2015 through November 29, 2015, the surgical report from December 5, 2015, the inpatient records for Carilion Roanoke Memorial Hospital following my back surgery from December 5, 2015 until December 8, 2015, the inpatient records for Roanoke Community Rehab from December 8, 2015 until December 15, 2015, the ER records from Roanoke Memorial Hospital for December 25, 2015 and the ER records from Carilion Stonewall Jackson Hospital on December 26, 2015. Additionally, I have treated and am currently treating at the Carilion Clinic – Neurosurgery under the care of Dr. Gregory A. Howes.

12. State whether or not you have ever, before the occurrence which gives rise to this litigation, sustained or suffered bodily injury, illness, disease, abnormality, or unusual

7

condition to, or of any portions of your body which are claimed to have been injured in said occurrence. If so, specify in detail its nature, its cause, the date of its occurrence or onset, the names and addresses of all persons involved in the causing occurrence if it was an injury, and the date and place of said occurrence, and the names and addresses of all persons and hospitals rendering service for the treatment of such bodily injury, illness, disease, abnormality, or unusual condition.

**ANSWER**: I have never incurred other injuries such as the injuries incurred on October 26, 2015.

13. State whether you claim that any such bodily injury, illness, disease, abnormality or unusual condition which you have set forth in answer to Interrogatory No. 12 was aggravated as a result of the occurrence giving rise to this litigation and, if so, state the nature and extent to which it has been aggravated and identify all health care providers who have rendered an opinion to this effect.

**ANSWER**: No. I do not claim any injury or condition was aggravated by the accident.

14. State whether or not you have been injured as a result of trauma subsequent to the occurrence which gives rise to this litigation, and, if so, the circumstances of such injury, including the date and place of such other occurrences, a description of the incident causing the injury, a description of the injury, the names and addresses of all persons and hospitals rendering services for treatment of such injury, and the names and addresses of all persons involved in the incident causing such injury.

**ANSWER**: I fell down some steps at my home subsequent to my surgery and went to the emergency rooms at Stonewall Jackson Memorial Hospital and Carilion Roanoke Memorial Hospital.

8

15.    If your answer to Interrogatories No. 12 and/or No. 14 is "yes" in regard to bodily injury, have you ever made claim against anyone for damages because of the previously or subsequently incurred injuries?  If your answer is "yes," then state the names and addresses of the persons and/or companies with whom you or your representative dealt, and if suit was filed, give the style and the Court in which such action was brought.

**ANSWER**:    I have never made any claim for damages due to previously or subsequently incurred injuries.

16.    Other than the occurrence giving rise to this litigation, if you have ever been involved in any other accidents of any kind or nature resulting in personal injuries, state the date and place of each such accident and the names and addresses of the persons involved, and the names and addresses of all hospitals and/ or persons who treated or examined you and the nature of any injuries you sustained as a result of said accident(s).

**ANSWER**:    When I was 19, soon after I obtained my driver's license, I swerved going around a curve in the road in rainy wet conditions and hit another vehicle.  I did not sustain any injury from that incident but did go to the emergency room at Roanoke Memorial Hospital to be checked on the advice of the EMS personnel.  I do not recall any other parties' names.  I also treated at Carilion Roanoke Memorial Hospital in October 2015 for a hernia.

17.    Please itemize in detail all of the medical and related expenses which you claim you have incurred, or which have been incurred on your behalf, as a result of the occurrence giving rise to this litigation, and state to whom such monies were paid or are owed. **IF THIS QUESTION IS ANSWERED BY THE ATTACHMENT OF MEDICAL REPORTS OR MEDICAL BILLS OF ANY KIND, YOU ARE ASKED TO LIST SUCH REPORT OR BILL BY SOURCE AND DATE SO THAT THERE WILL BE NO MISUNDERSTANDING AS TO WHAT REPORTS ARE ATTACHED OR BEING**

9

RELIED UPON.

     **ANSWER**:    See summary of medical and related expenses attached as Exhibit A.

18.    State what sums and the purpose thereof which you reasonably expect to be caused to expend in the future by reason of the injuries which you claim to have sustained as a result of the occurrence giving rise to this litigation.

     **ANSWER**:    Objection.  Plaintiff is not a physician and is not qualified to answer this interrogatory regarding future expenditures for the injuries incurred as a result of this accident.  Additionally, this question is to better left to plaintiff's medical providers and other experts that may be asked to evaluate the future costs for medical and related expenses.  Additionally a request for expert witness information is untimely in this case.  Without waiving these objections, plaintiff's counsel has not determined experts who may be asked to testify at the trial in this case but agrees to exchange expert witness information pursuant to the trial scheduling order that is entered in this case.

19.    If you were employed or self-employed at the time of the occurrence giving rise to this litigation, state the name and address of your employer, your job classification and the nature of your duties, including any physical activities therein involved, and the rate or amount of your compensation, remuneration, or earnings in such employment.

     **ANSWER**:    I was employed by Alleghany Construction, 2830 Nicholas Ave NE, Roanoke, Virginia, as a laborer.  My rate of pay was $12.00 an hour.

20.    State whether or not you claim any loss of income past, present or future, earnings, or remuneration, and, if so, the dates and time lost on each date and the total time and monetary amount alleged to have been lost from gainful employment and/or the manner or method used to determine your claim for loss of earnings, including the names and addresses of the employer or employers from whom said monies would have been received.

**ANSWER**: Objection to the extent that this interrogatory seeks information regarding loss of future earnings and remuneration which can only be expected to be answered by an expert after plaintiff has completed treating for his injuries. Additionally, this interrogatory is untimely in that it seeks expert information and reports prior to the time when disclosures are due. Plaintiff's counsel has not determined expert witnesses who may be asked to testify at the trial in this matter but agrees to disclose experts pursuant to the scheduling order entered in this case. Without waiving these objections, see Exhibit A for my claim for loss of income to-date.

21. State whether or not you claim any loss of earning capacity, either in the past, present or future, and, if so, the amount claimed and the manner or method used in determining and computing such claimed loss.

**ANSWER**: See Objections and Answer to Interrogatory 20.

22 Identify all witnesses known to you or your attorney, or have been told to exist to you and/or your attorney, who may have any information or knowledge of any facts pertaining to the happening, or prior or post-event circumstances, of the occurrence giving rise to this litigation, or your alleged damages or injuries, indicating which of such persons were eyewitnesses to the occurrence and a brief statement of the knowledge allegedly possessed by any such persons who were not eyewitnesses.

**ANSWER**: Objection is made to this interrogatory to the extent that it is a request for information that is protected by attorney work product. Without waiving this objection and reserving the right to supplement this answer, the plaintiff identifies the following persons who may have knowledge of the accident and the plaintiff's injuries resulting from the accident on October 26, 2015:

    (a) Botetourt County Rescue Workers and EMTs who came to the scene of the accident;

    (b) Trooper Michael Atkins with the Virginia State Police who came to the accident scene and investigated the accident;

    (c) Defendant Israel Martinez, Jr.
        Confidential

11



(d)     Roy Salinas;

(e)     Anthony Ray Shifflett


(f)     Karen Bingaman

Ms. Bingaman gave an oral and written statement to Trooper Atkins at the accident scene, which is already in the possession of the defendant. She is expected to testify regarding the statements she gave to Trooper Atkins and regarding any further factual information that she may have with regard to the accidents on October 26, 2015.

(g)     Debara Day Brown


Ms. Brown gave an oral and written statement to Trooper Atkins at the accident scene, which is already in the possession of the defendant. She is expected to testify regarding the statements she gave to Trooper Atkins and regarding any further factual information that she may have with regard to the accidents on October 26, 2015.

(h)     Christine Zampini


Ms. Zampini gave an oral and written statement to Trooper Atkins at the accident scene, which is already in the possession of the defendant. She is expected to testify regarding the statements she gave to Trooper Atkins and regarding any further factual information that she may have with regard to the accidents on October 26, 2015.

(i)     Christie Burdette Mortensen


12

Ms. Mortensen gave an oral and written statement to Trooper Atkins at the accident scene, which is already in the possession of the defendant. She is expected to testify regarding the statements she gave to the Trooper Atkins and regarding any further factual information that she may have with regard to the accidents on October 26, 2015.

(j) Wendy Montgomery



Ms. Montgomery was the VDOT Rest Area Attendant on duty on the date of the accident. She is expected to testify regarding statements she provided to Trooper Atkins and the accident report and photographs that she prepared at the accident scene for the Virginia Department of Transportation. Further, she is may be expected to testify to additional factual information that she may have with regard to the accidents on October 26, 2015.

(k) Patrick Stump



Mr. Stump is a co-worker of the plaintiff at Alleghany Construction. On the morning of the accident, he received a call from their supervisor at Alleghany Construction telling him that the plaintiff had called to report that he had been in an accident. He requested that Mr. Stump, who was traveling in the same direction as the plaintiff, find out if the plaintiff was okay. Mr. Stump stopped at the accident site and was told that the plaintiff had been transported to the hospital. He went to Roanoke Memorial Hospital to find out the status of the plaintiff's condition. Mr. Stump, who is also a firefighter, is expected to testify that the plaintiff told him that he had hit a truck across the road but did not recall the events surrounding the second accident. He is expected to testify that although the plaintiff was coherent, he appeared to be in shock.

(l) Eddie Snuffer, Supervisor



Mr. Snuffer is the plaintiff's supervisor at Alleghany Construction. Mr. Snuffer is expected to testify that on the morning of the accident he received a call from the plaintiff stating that he had been in an accident, having hit a truck that was across the road on I-81 and the he didn't see it until he was already upon it. The

plaintiff told him that he could not get his truck door open and then the telephone call was dropped. He is expected to testify further that he received a second call from the plaintiff a few minutes later and that the plaintiff related that he had been hit, that the plaintiff sounded panicked and he believed the plaintiff told him that his legs had been run over by a tractor trailer. Mr. Snuffer placed a call to 911 and contacted Mr. Stump to check on the plaintiff.

In addition to the above named individuals, the plaintiff names any and all VDOT personnel, rescue personnel, Virginia State Police Troopers, tow and clean up services that came to the scene. In addition, the plaintiff understands that there were numerous other truck drivers who were present at the time of the accident and attempted to assist with traffic on I-81 and who may have seen or witnessed the accidents or have information with regard to the accident. The plaintiff's medical providers also have knowledge of the events giving rise to this suit. Discovery is ongoing and if further information becomes available, this answer will be supplemented.

Further, others who have knowledge would include the insurance adjusters and the attorneys who are involved in the investigation of this matter.

23. State whether or not you filed Federal Income Tax returns and/or State Income Tax returns for the year of the occurrence and for the three (3) years preceding that and for each year after the occurrence, and, if so, designate each year in which such return or returns were filed and which one, or both, for each respective year were filed, stating where each of said returns was filed.

**ANSWER:** Plaintiff has not filed him income tax returns for 2015. He did file in 2014, but believes he was listed as a dependent and did not file for any tax years prior to 2014. A copy of the plaintiff's 2014 tax returns has been requested and will be provided upon receipt.

24. If you claim any other damages not set forth hereinabove, then please state the specific nature of each such damage and the amount you claim therefor, including a detailed statement of how you arrived at such an amount, and identify all documents upon which you rely in determining such damage.

14

**ANSWER**: Attached as Exhibit A is a summary to the damages the plaintiff has incurred to-date. As treatment is ongoing, this answer will be supplemented.

25. State whether or not you, or your attorney, or any agent of yours, have photographs, snapshots, drawings, audiotapes, videotapes or surveys of the scene of the occurrence or the occurrence giving rise to this litigation or of your alleged injuries sustained as a result of the said occurrence or the vehicles involved, and if so, identify each of the said items by subject matter and state the date taken or made, the name and address of the person taking or making same, and where and in whose custody each of the said items is now located.

**ANSWER**: Objection to the extent that this request for attorney work product. Without waiving this objection, my attorney has a copy of the accident report, photographs and videos taken at the accident scene by Trooper Atkins and other Troopers investigating the accident, and a copy of the report and photographs prepared by Wendy Montgomery at the accident scene for the Virginia Department of Transportation. Plaintiff's counsel has taken photographs at the rest stop where the accident occurred.

26. If you intend to rely upon any admission, statement, or declaration against interest made by either of these defendants, or any representatives of either of these defendants, or anyone acting on his behalf in this action, identify the person making the admission, statement, or declaration against interest, the person receiving such admission, statement, or declaration against interest, any document or oral communication related to any such admission, statement or declaration against interest in any way, and the substance of such statement.

**ANSWER**: Objection to the extent that this interrogatory seeks information protected by attorney work product. Without waiving this objection, any statements made by the defendant Martinez or Roy Salinas to the Virginia State Police regarding the accident will be introduced as evidence in this matter.

15

27.     State whether or not you have ever filed bankruptcy and, if so, state where any such bankruptcies were filed, the date of all filings, who handled all bankruptcy proceedings, the disposition of all bankruptcy filings and if any medical bills giving rise to this litigation have been discharged in any bankruptcy proceedings.

**ANSWER**:     I have never filed for bankruptcy.

28.     Please state whether you have reached any settlement agreement of any type with any entity, attorney, insurance company or party which was involved either directly or indirectly with the accident in question.  If there has been such a settlement agreement or any sort of an agreement, "Mary Carter" or otherwise, please identify the parties to the agreement and the substance of the agreement, as well as the consideration for the agreement.

**ANSWER**:     The plaintiff has not reached any settlement agreement, "Mary Carter" or otherwise in this matter.

29.     Please state any and all facts which support your claim that Israel Martinez, Jr. was acting as an employee and/or agent of SMC Transport, LLC at the time of the accident, which the subject matter of this lawsuit, as alleged in paragraphs 22, 24, 27, and 30 and elsewhere in the Complaint.

**ANSWER**:     Objection to this Interrogatory as it seeks information protected by attorney work product.  Without waiving this objection, please refer to the Complaint filed by the Plaintiff.  Further Defendant Martinez was operating a motor vehicle owned by and registered to SMC Transport, LLC at the time of the accident on October 26, 2015.  SMC Transport, LLC attempted to make a claim of change of ownership of the vehicle, however, at the time of the accident in this matter the vehicle driven by Defendant Martinez bore the placard of SMC Transport LLC.  To date there has been no change to the ownership of the vehicle according to the Texas Department of Motor Vehicles.  Defendant Martinez had possession of the keys to the vehicle and there has been no report of any evidence that the

16

plaintiff is aware of that the vehicle was made to operate without the keys. The vehicle was not reported stolen. Discovery is ongoing and this answer will be supplemented.

30.    Please state any and all facts which support your claim that SMC Transport, LLC entrusted the tractor, which was involved in the accident which is the subject matter of this lawsuit, to Israel Martinez, Jr., as alleged in paragraphs 34 and elsewhere in the Complaint.

**ANSWER:**    See the objection and answer to the previous Interrogatory.

These Interrogatories and Requests for Production of Documents shall be deemed continuing.

17

BRANDON LESTER

By: _____
Melissa W. Robinson (VSB No. 29065)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
Johneal M. White (VSB No. 74251)
*Attorneys for Plaintiff*
GLENN ROBINSON & CATHEY, PLC
400 Salem Avenue, Suite 100
Roanoke, VA 24016
PH: (540)767-2200
FAX: (540)767-2220
mrobinson@glennrob.com
vskaff@glennrob.com
jwhite@glennrob.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. first class mail this _____ day of _____, 2016 to the following:

Lawrence A. "Lex" Dunn, Esquire
Morris & Morris, P.C.
11 South 12th Street, 5th Floor
Richmond, VA 23219
  *Counsel for Defendant SMC Transport, LLC*

David W. Hearn, Esquire
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, VA 23219-1998
  *Counsel for Defendant Israel Martinez, Jr.*

Daniel P. Frankl, Esquire
FRANKL MILLER & WEBB, LLP
1711 Grandin Road
P.O. Box 4126
Roanoke, VA 24015
  *Counsel for Defendant Salinas Express, LLC*

_____
OF COUNSEL

18

SIGNATURE PAGE

I hereby affirm that the foregoing Answers to Interrogatories to be true and complete to the best of my information, knowledge and belief.

BRANDON C. LESTER

_____

COMMONWEALTH OF VIRGINIA, AT LARGE

CITY/~~COUNTY~~ OF _Roanoke_____, to-wit:

Subscribed and sworn to before me this the 29th day of _February_____, 2016.

_____
Notary Public

My Commission Expires:



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRANDON LESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 7:15cv665 |
| SMC TRANSPORT, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ISRAEL MARTINEZ, JR., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SALINAS EXPRESS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT SALINAS EXPRESS, LLC'S FIRST SET OF
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW the Plaintiff, by counsel, and answers Defendant Salinas Express,

LLC's First Set of Interrogatories and Request for Production of Documents as follows:

ANSWERS TO INTERROGATORIES

1.      Please state the names, addresses, and telephone numbers of all persons known

to you or your attorney who have knowledge of the facts and matters at issue in this case and

the nature of their knowledge.

**ANSWER**:      Objection is made to this interrogatory to the extent that it is a

request for information that is protected by attorney work product.  Without waiving this

objection and reserving the right to supplement this answer, the plaintiff identifies the following

persons who may have knowledge of the accident and the plaintiff's injuries resulting from the accident on October 26, 2015:

(a)    Botetourt County Rescue Workers and EMTs who came to the scene of the accident;

(b)    Trooper Michael Atkins with the Virginia State Police who came to the accident scene and investigated the accident is expected to testify regarding his investigation at the accident scene, as well as further factual information that he may have regarding the accident, the defendant's failure to appear for the traffic charges brought against him, the hearing held on January 25, 2016, at which the defendant failed to appear and the final disposition of the charges against the defendant as a result of the accident.

(c)    Defendant Israel Martinez, Jr.
;

(d)    Roy Salinas;

(e)    Anthony Ray Shifflett


(f)    Karen Bingaman


Ms. Bingaman gave an oral and written statement to Trooper Atkins at the accident scene, which is already in the possession of the defendant. It is anticipated that she will testify with regard to the statement she gave to Trooper Atkins and regarding any further factual information that she may have with regard to the accident on October 26, 2015.

(g)    Debara Day Brown


Ms. Brown gave an oral and written statement to Trooper Atkins at the accident scene, which is already in the possession of the defendant. It is anticipated that she will testify with regard to the statement she gave to Trooper Atkins and regarding any further factual information that she may have with regard to the accident on October 26, 2015.

(h)    Christine Zampini



Ms. Zampini gave an oral and written statement to Trooper Atkins at the accident scene, which is already in the possession of the defendant. It is anticipated that she will testify with regard to the statement she gave to Trooper Atkins and regarding any further factual information that she may have with regard to the accident on October 26, 2015.

(i)  Christie Burdette Mortensen



Ms. Mortensen gave an oral and written statement to Trooper Atkins at the accident scene, which is already in the possession of the defendant. She is expected to testify regarding the statements she gave to the Trooper Atkins and regarding any further factual information that she may have with regard to the accident on October 26, 2015.

(j)  Wendy Montgomery



Ms. Montgomery was the VDOT Rest Area Attendant on duty on the date of the accident. She is expected to testify regarding statements she provided to Trooper Atkins and the accident report and photographs that she prepared at the accident scene for the Virginia Department of Transportation. Further, she may be expected to testify to additional factual information that she may have with regard to the accident on October 26, 2015.

(k)  Patrick Stump

Mr. Stump is a co-worker of the plaintiff at Alleghany Construction. On the morning of the accident, he received a call from their supervisor at Alleghany Construction telling him that the plaintiff had called to report that he had been in an accident. He requested that Mr. Stump, who was traveling in the same direction as the plaintiff, find out if the plaintiff was okay. Mr. Stump stopped at the accident site and was told that the plaintiff had been transported to the hospital. He went to Roanoke Memorial Hospital to find out the status of the

plaintiff's condition. Mr. Stump, who is also a firefighter, is expected to testify that the plaintiff told him that he had hit a truck across the road but did not recall the events surrounding the second accident. He is expected to testify that although the plaintiff was coherent, he appeared to be in shock.

(l)    Eddie Snuffer, Supervisor



Mr. Snuffer is the plaintiff's supervisor at Alleghany Construction. Mr. Snuffer is expected to testify that on the morning of the accident he received a call from the plaintiff stating that he had been in an accident, having hit a truck that was across the road on I-81 and the he didn't see it until he was already upon it. The plaintiff told him that he could not get his truck door open and then the telephone call was dropped. He is expected to testify further that he received a second call from the plaintiff a few minutes later and that the plaintiff related that he had been hit, that the plaintiff sounded panicked and he believed the plaintiff told him that his legs had been run over by a tractor trailer. Mr. Snuffer placed a call to 911 and contacted Mr. Stump to check on the plaintiff.

In addition to the above named individuals, the plaintiff names any and all VDOT personnel, rescue personnel, Virginia State Police Troopers, tow and clean up services that came to the scene. In addition, the plaintiff understands that there were numerous other truck drivers who were present at the time of the accident and attempted to assist with traffic on I-81 and who may have seen or witnessed the accident or have information with regard to the accident. The plaintiff's medical providers also have knowledge of the events giving rise to this suit and the injuries incurred by the plaintiff as a result. Discovery is ongoing and if further information becomes available, this answer will be supplemented.

Further, others who have knowledge would include the insurance adjusters and the attorneys who are involved in the investigation of this matter.

2.      Please state your name, address, social security number, date of birth, any email address or addresses frequently used by you and describe your activities on the date of this accident, including the places you visited, the reason for going to each such place, and the names and addresses of the persons in your company.

**ANSWER:**   Objection is made to this Interrogatory as it seeks information that is irrelevant to this case and that is unlikely to lead to the discovery of information that is relevant

to this case. The questions is also compound and covers two separate topics. Without waiving these objections,

Brandon Clark Lester
DOB: ██████████
SSN: Plaintiff declines to provide his SSN on advice of counsel.
Address: ████████████████████████████████

The plaintiff had left his home that morning and was driving South on I-81 alone at the time the accident occurred.

3.    State precisely in your own words how this accident occurred, where you had been, where you were going, what lanes or lanes you had been traveling in, your speed, the actions you took in attempting to avoid a collision, what you did in between the first and second collisions and how you came to be injured in this accident.

**ANSWER:**    I had left my grandmother's house in Buchanan and I was driving in the right lane on I-81 South and saw a truck ahead of me blocking the lanes on I-81. I was able to slow to approximately 30 miles per hour but was not able to stop in time or to go around the truck as it was blocking the lanes on the interstate. After the accident, my vehicle was disabled and I was unable to open my truck door. The windshield had spider web breaks on it. I saw grass in front of me so thought that my vehicle was out of the road. I called my supervisor at Alleghany Construction to let him know that I had been in an accident on I-81. I observed a second vehicle coming up the road behind me and braced and tried to get out of my vehicle prior to him hitting me. I do not recall events after that except that I was lying on the ground and a lady was holding my hand and encouraging me to keep talking to her. I remember thinking that I thought my legs had been run over as I felt pain in my legs. It was still dark out, about 5:30 a.m. and the road conditions were wet as it had been raining.

4.    Had you consumed any alcohol, drugs, or medication in the period of 24 hours prior to this accident?  If yes, state the type of alcohol, drug, or medication consumed, the amount consumed, the place it was consumed, and the time it was consumed.

**ANSWER**: I had taken Lithium as prescribed to me prior to leaving home on the morning of the accident.

5.     Are you claiming any loss of earnings in the past or any loss of earning and/or reduction of earning capacity which may reasonably be expected to be sustained in the future? If your answer is yes, please answer (a), (b), (c), (d) and (e) below.

      (a)     If at the time of the alleged occurrence, you were engaged in any gainful occupation, please state in detail the nature of such employment, including, but not limited to, your wages, drawing account, or pay, your job description and hours.

      (b)     Please identify the name and address of each person or organization by whom or with which you have been employed during the past six years, giving dates of each employment.

      (c)     State precisely the amount of lost earnings in the past you are claiming.

      (d)     Please state precisely the amount of lost earnings and/or reduction of earning capacity which you are claiming you will sustain in the future.

      (e)     Will you authorize your employers to furnish upon the request of the undersigned attorney all records concerning your employment?  If your answer yes, please sign the attached authorization to release employment records and attach it to your answers to these interrogatories.

**ANSWER**:     Objection to the extent that this interrogatory seeks information regarding loss of future earnings and remuneration which can only be expected to be answered by an expert after plaintiff has completed treating for his injuries.  Additionally,

this interrogatory is untimely in that it seeks expert information and reports prior to the time when disclosures are due. Plaintiff's counsel has not determined expert witnesses who may be asked to testify at the trial in this matter but agrees to disclose experts pursuant to the scheduling order entered in this case.

Without waiving these objections, I was employed with Garten Trucking in Covington, Virginia, as a forklift driver in 2014 for a brief period. I was employed with Mohawk Industries, 404 Anderson Street, Glasgow, Virginia, twice. I believe I was employed there in 2012 and I worked at Mohawk for approximately 8 months until July 2015 through People Link in Buena Vista, Virginia. I went to work for Alleghany Construction as a laborer, 2830 Nicholas Ave NE, Roanoke, Virginia in August 2015 and worked there until the date of the accident on October 26, 2015. My rate of pay at Alleghany Construction was $12.00/hour for straight time and $18.00/hour for overtime. Attached as **Exhibit A** is a calculation of my wage loss resulting from this accident to-date.

On advice of counsel, I do not authorize my employer to release my employment records to defendant's counsel.

6.     Please state the names and addresses of all physicians who have treated or examined you for injuries allegedly received in the accident in controversy herein, and state each date upon which you were examined by or treated by such physician, whether in a hospital or on an outpatient basis, and the diagnosis rendered, and treatment prescribed. Please furnish counsel for the defendant with copies of any and all reports from said physicians. Please execute the attached medical authorization form directing health care providers to provide to the law firm of Frankl Miller & Webb your medical records and to discuss your medical condition.

**ANSWER:**     Please refer to the medical records previously produced from Carilion Roanoke Memorial Hospital, including the trauma and emergency department record for October 26, 2015, the inpatient records for October 26, 2015 through November 4, 2015, the Carilion Roanoke Community Rehab Records from November 4, 2015 until November 10, 2015, the inpatient records for November 28, 2015 through November 29, 2015, the surgical report from December 5, 2015, the inpatient records for Carilion Roanoke Memorial Hospital following my back surgery from December 5, 2015 until December 8, 2015, the inpatient records for Roanoke Community Rehab from December 8, 2015 until

December 15, 2015, the ER records from Roanoke Memorial Hospital for December 25, 2015. Attached are the ER records from Carilion Stonewall Jackson Hospital on December 26, 2015. Additionally, I have treated and am currently treating at the Carilion Clinic – Neurosurgery under the care of Dr. Gregory A. Howes. My medical providers for treatment for injuries I incurred from the accident on October 26, 2015 include:

> Botetourt County Emergency Medical Services
> 20 East Back Street
> Fincastle, VA 24090
>
> Carilion Roanoke Memorial Hospital
> 1906 Belleview Avenue, SE
> Roanoke, VA 24014
>
> Carilion Roanoke Community Hospital – Rehab
> 101 Elm Avenue, S.E.
> Roanoke, VA 24013
>
> Carilion Clinic – Neurosurgery
> 3 Riverside Circle
> Roanoke, VA 24016
>
> Virginia Prosthetics
> 4338 Williamson Road
> Roanoke, VA 24012
>
> Advanced Home Care
> Salem, VA 24153
>
> Carilion Stonewall Jackson Hospital
> 1 Health Circle
> Lexington, VA 24450

I do not authorize defendant's counsel to obtain my medical records or to discuss my medical care with my physicians.


7.      Please itemize all medical expenses incurred by or on behalf of you for diagnosis and treatment of your injuries. Please furnish counsel with copies of any and all medical bills for said medical expenses.

**ANSWER**:   Attached as Exhibit A is my medical bill summary to-date and a copy of the medical invoices received to-date.

8.     Have you received any injuries in an accident or occurrence previous to the date of this occurrence or subsequent thereto?   If your answer is yes, please state the details, including the date and place of the occurrence, the nature of the injuries sustained, the names and addresses of the physicians and/or health care providers involved, and the reasons for such treatment or examination.

**ANSWER**:   I had a hernia and had been to Roanoke Memorial Hospital ER to treat for it in October 2015.  When I was 19, soon after I got my license, I swerved going around a curve in the road in rainy wet conditions and hit another vehicle.  I did not sustain any injury from that incident but did go to the emergency room at Roanoke Memorial Hospital to be checked on the advice of the EMS personnel.

9.     Have you, during the past twenty (20) years had a previous injury, disease, mental condition, or medical condition requiring x-rays, examination or treatment by a medical practitioner or health care provider?  If your answer is yes, please describe the nature, name and address of the physicians and/or health care providers and the date of the onset of this injury, disease, mental condition or medical condition.

**ANSWER**:   Objection to the extent that this interrogatory seeks information that is not relevant to this matter and is unlikely to lead to the discovery of information that is relevant and it is a request for information that is a violation of the plaintiff's right to privacy.  Further objection is made as the requested information is overbroad and unduly burdensome.  The plaintiff has a pre-existing mental health condition he has treated for that has no relevance to this case and which he has chosen to have excluded from the course of this litigation.  Without waiving these objections, when I was 19, soon after I got my license, I swerved going around a curve in the road in rainy wet conditions and hit another vehicle.  I did not sustain any injury from that incident but did go to the emergency room at Roanoke Memorial Hospital to be

checked on the advice of the EMS personnel. I treated at Roanoke Memorial Hospital in October 2015 for a hernia.

**PRIVILEGE LOG**: Plaintiff has been treated by various mental health providers, the records of which are subject to a privilege which has not been waived.

10.     Are you claiming a previous injury, disease, or condition was aggravated, accelerated, or activated by the occurrence? If so, specify in detail the nature of the injury, disease or condition and the extent to which it is aggravated, accelerated, or activated.

<u>ANSWER</u>:     No.

11.     Have you ever made a claim against anyone for damages or workers compensation because of injuries? If your answer is yes, please describe in detail such claim, including, but not limited to, the dates of the claim, the name and address of the person or the companies with whom you or your representative dealt, and if suit was filed give the case number and the name and place of the court in which the claim was brought.

<u>ANSWER</u>:     No.

12.     Are you claiming any disfigurement or deformity or functional disability resulting to you and/or any humiliation or embarrassment associated therewith? If your answer is yes, please describe in detail the nature of the disfigurement, deformity or functional disability and the nature of the humiliation or embarrassment, if any, associated therewith.

<u>ANSWER</u>:     Objection is made to this Interrogatory as Plaintiff is not a physician and is not qualified to answer this interrogatory regarding disfigurement or deformity or functional disability resulting from the injuries he incurred as a result of this accident. Additionally, this question is to better left to plaintiff's medical providers and other experts that may be asked to evaluate any future functional disability. Additionally a request for expert witness information is untimely in this case. Without waiving these objections,

plaintiff's counsel has not determined experts who may be asked to testify at the trial in this case but agrees to exchange expert witness information pursuant to the trial scheduling order that is entered in this case.

13.     Have you engaged the services of an expert witness to testify on your behalf at the trial of this action?  If your answer is yes, please answer (a), (b), (c) and (d) below:

        (a)     The name, address and telephone number of the expert retained by you;

        (b)     The subject matter on which the expert is expected to testify;

        (c)     The substance of the facts and opinions to which the expert is expected to testify; and

        (d)     A summary of the grounds of each opinion.

**ANSWER:**     Plaintiff's counsel has not determined experts who may be asked to testify at the trial in this case but agrees to exchange expert witness information pursuant to the trial scheduling order that is entered in this case.  Plaintiff's counsel anticipates that any or all of the plaintiff's medical providers will be asked to testify at the trial in this case.

14.     State the speed of the vehicle you were driving just prior to and at the time of the accident in question.

**ANSWER:**     I was traveling at approximately 60 miles per hour and was able to reduce my speed to approximately 30 miles per hour prior to hitting the defendant's vehicles.

15.     State the speed of the vehicle occupied by Israel Martinez, Jr., just prior to and at the time of the accident in question.

**ANSWER:**     I do not know what speed Mr. Martinez was traveling.

16.     Did you see the vehicle occupied by Israel Martinez, Jr., prior to the collision in question?  If so, please answer (a), (b), (c) and (d) below.

(a)     The lane you were traveling in, the speed you were traveling, and whether or not any other vehicles were in the vicinity of your vehicle when you first saw Mr. Martinez, Jr.'s, vehicle

(b)     The distance in feet your vehicle was from the vehicle occupied by Mr. Martinez, Jr., at the time you first saw it;

(c)     What actions you took and what actions you observed Mr. Martinez, Jr, take before and after you saw the defendant's vehicle, just prior to the impact; and

(d)     Where your vehicle came to rest along with what actions you took, after you struck Mr. Martinez, Jr.'s, vehicle prior to the second impact with the vehicle being driven by Mr. Shifflett.

**ANSWER**:     I do not know how far I was from Mr. Martinez's vehicle when I saw it.  I attempted to brake as there was nowhere I could go to avoid his vehicle as he was blocking the lanes on I-81.  I was able to slow down to about 30 miles per hour before I struck his vehicle. My vehicle bounced off his vehicle and I believe it was spun around and that it hit the guardrail. My windshield was broken following the accident and I could see grass so I thought my vehicle had come to rest in the median.  My vehicle was disabled and my door wouldn't open so I called my supervisor to let him know I had been in an accident.

17.     Describe any signed statements, recorded interviews or documents made by you, the defendant or any other witness which you or your attorneys have in your possession or control.  Please attach a copy of any such signed statements, recorded interviews or documents.

**ANSWER:** The only documents that plaintiff is aware of are the statements in the Virginia State Police file, including written and signed statements by witnesses and the recorded statements to Trooper Atkins at the accident scene. These documents and recordings should already be in the Defendant's possession.

18.     State whether you have in your possession or control any photographs, objects or diagrams relating to the occurrence or personal injuries involved, and if so, please attach same.

**ANSWER:** Objection to the extent that this is a request for information protected by the attorney work product doctrine. Without waiving this objection, the only documents that plaintiff is aware of are contained in the Virginia State Police file, the accident report and photographs taken by Wendy Montgomery, the photographs taken by plaintiff's counsel at the accident site and the photographs of the plaintiff's bruises and his back following the fusion surgery to his vertebra. All of the aforementioned documents were produced with the responses to SMC's discovery.

19.     State whether you have had occasion, since the accident, to use any appliances, such as a cane, crutches, medical braces, corsets, or other means of artificial support, and if so, state where and when each was purchased, the general nature of each appliance, and the period of time that you had occasion to use each such appliance.

**ANSWER:** I have had to wear two different back braces since the accident on October 26, 2015. I also had to have a rolling walker when I was discharged from Rehab until I was able to ambulate without fear of falling. The two back braces were from Virginia Prosthetics. The walker was from Advanced Home Health.

20.     State whether you have had any occasion since the accident, to make use of any medication, and if so, state, the names of each said medication, the purpose of each medication, the doctor prescribing the same, the period during which each medication was taken, the

approximate amount of money expended to date for the purchase of each said medication so listed.

   **ANSWER:**   I was prescribed extended release and quick release morphine, which I was unable to tolerate. I spent $58.00 on the first prescriptions given to me when I was released from Carilion Roanoke Community Rehab on November 10, 2015 and when necessary have taken the quick release medication for pain. I was not able to tolerate the pain medications and did not complete or refill the prescriptions. I am currently prescribed doxepin, flexeril when needed, atenolol and divalproex.

   21.   Please itemize any additional special damages which are claimed to have resulted from this accident and for which recovery is sought in this action.

   **ANSWER:**   A list of all damages is attached as Exhibit A.

   22.   Have you ever been convicted of a felony or other offense involving moral turpitude? If so, state the nature of the felony or offense, the date or dates of conviction, and the place or places of conviction.

   **ANSWER:**   No.

   23.   Please state who was the owner of the vehicle you were driving, whether you were driving with his or her permission, whether the vehicle was properly inspected, and whether the vehicle was in proper mechanical condition at the time of this accident.

   **ANSWER:**   I was the owner of the vehicle and it was inspected and in proper mechanical condition on the date of the accident.

24.     Have you or the person responsible for paying your medical bills ever filed bankruptcy?  If so, were any of the invoices evidencing expenses associated with this accident listed in the bankruptcy schedules and/or discharged by the bankruptcy court?

ANSWER:    No.

25.     Have you or the person responsible for paying your medical bills ever filed bankruptcy?  If so, were any of the invoices evidencing expenses associated with this accident listed in the bankruptcy schedules and/or discharged by the bankruptcy court?

ANSWER:    No.

## SIGNATURE PAGE

I hereby affirm that the foregoing Answers to Interrogatories to be true and complete to the best of my information, knowledge and belief.

BRANDON C. LESTER

_Brandon C. Lester_

COMMONWEALTH OF VIRGINIA, AT LARGE

CITY/~~COUNTY~~ OF _Roanoke_, to-wit:

Subscribed and sworn to before me this the _9th_ day of _March_, 2016.

_Gwendolyn Sue Johnson_
Notary Public

My Commission Expires:



GWENDOLYN SUE JOHNSON
NOTARY PUBLIC
REG. #7125342
MY COMMISSION
EXPIRES
01-31-2019
COMMONWEALTH OF VIRGINIA